IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JOHN HORTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18 C 6829 |
| | ) | |
| v. | ) | Hon. Harry D. Leinenweber |
| | ) | District Judge |
| CITY OF ROCKFORD, *et al.*, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff, John Horton, through his attorneys, Loevy & Loevy, hereby respectfully submits this Response in Opposition to the Defendants', other than Defendant Bruce Scott, Robert Redmond, and Estate of Howard Forrester, Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 101). In support, Plaintiff states as follows:

**INTRODUCTION**

Defendants Paul Arduino, James Barton, Rich Gambini, Daniel Gray, Greg Hanson, Dominic Iasparro, Steve Johnson, Clint Kellett, Estate of Gregory Lindmark, Charles McDonald, Russell Nelson, Steven Olson, Anthony Piccirilli, Stephen Pirages, Sam Pobjecky, John Pozzi, Mark Schmidt, Daniel Scott, and Paul Triolo have moved to dismiss Plaintiff's First Amended Complaint. (Doc. 101). The moving Defendants make three arguments: 1) the Amended Complaint fails to alleged sufficient personal involvement; 2) the federal conspiracy claim (Count V) is not available to Plaintiff because the Defendants are state actors; and 3) the statute of limitation on Plaintiff's state law claims (Counts VII (IIED) and VIII (conspiracy)) has expired. The first two arguments have no merit, but the third does.[1]

---

[1] Plaintiff concedes that his intentional infliction of emotional distress (Count VII) and state law conspiracy (Count VIII) claims are time-barred and does not contest the dismissal of these two claims.

## RELEVANT FACTUAL ALLEGATIONS

At this stage, "the court must construe all of the plaintiff's factual allegations as true, and must draw all reasonable inferences in the plaintiff's favor." *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). Individual paragraphs using the term "defendants" are not be read in isolation; courts are to evaluate complaints as a whole in order to determine whether they put defendants on sufficient notice of the claims against them. *See McCullough v. Hanley*, 2018 WL 3496093, at *8 (N.D. Ill. July 20, 2018) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007)); *Engel v. Buchan*, 710 F.2d 698, 710 (7th Cir. 2013) ("reading the allegations sensibly and as a whole, there is no genuine uncertainty as to who is responsible for what."); *Hyung Seok Koh v. Graf*, 2013 WL 5348326, at *4 (N.D. Ill. Sept. 24, 2013) (same).

In 193 paragraphs, Plaintiff has provided specific, detailed allegations of Defendants' misconduct, which resulted in his wrongful conviction. Rather than repeat the allegations of his complaint here, Plaintiff incorporates them by reference (Doc. 88) and refers to specific allegations in the argument section below as needed.

## ARGUMENT

The Federal Rules permit notice pleading and only require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal for failure to state a claim under Rule 12(b)(6) is proper only where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Virnich*, 664 F.3d at 212. Plaintiff's complaint plainly suffices.

**I.    Plaintiff Has Pled Sufficient Personal Involvement to Meet the Federal Pleading Requirements.**

    **A.    Defendants Arduino, Barton, Gambini, Gray, Hanson, Johnson, Kellett, McDonald, Nelson, Piccirilli, Pirages, Pobjecky, Schmidt, D. Scott, Triolo, and Lindmark (Estate of Gregory Lindmark)**

These defendants move to dismiss on the ground that Plaintiff's Amended Complaint "lump" them together and fails to allege the defendants' individual involvement. This argument

fails because under Seventh Circuit law, allegations explicitly directed at all or a particular subgroup of defendants are sufficient to plead personal involvement after *Iqbal,* even if each defendant comprising the group is not named individually in each separate paragraph. *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009) (finding a complaint alleging that all members of a group of defendants engaged in misconduct unobjectionable); *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) (holding that a prisoner's statement that he repeatedly alerted a group of medical personnel to his medical condition and they did nothing in response, causing injury, stated a claim so long as the complaint at some point identified all of the medical personnel involved).

With respect to Plaintiff's interrogation, and resultant involuntary and fabricated confession, the amended complaint is clear: all the individual Defendants participated in this misconduct. Plaintiff, on his own accord, went to the Winnebago Public Safety Building. (Doc. 88 ¶39). The amended complaint alleges that the "Defendant Officers" – meaning *all of them* – "detained and interrogated him on and off through the evening and into the early morning for approximately ten hours, outside the presence of a parent, guardian, attorney, or other adult interested in his welfare." *Id.* ¶41. After the Plaintiff provided Defendants Scott and Forrester with information regarding to his activities on the day of shooting, the "Defendant Officers used the information that John provided to them as a baseline of their fabricated version of events." *Id.* ¶45. For several hours, the Defendant Officers used various psychological and manipulative techniques, threatened Plaintiff with physical harm, as well as denied him proper nutrition and sleep to coerce him into adopting their made-up story. *Id.* ¶¶46, 48, 51, 53, 56, 57, 63.

The Defendants Officers manipulated Plaintiff into believing that he was no longer safe in the neighborhood. *Id.* ¶57. Plaintiff had explained to one or more of the Defendant Officers that it was his cousin, Buddy English, who committed the crime and that his brother, Larry could

3

confirm this. *Id.* ¶56. Rather than conducting a thorough investigation, Defendant Officers "put Buddy in the room near [Plaintiff] and opened the doors just long enough for [Plaintiff] to hear Buddy claim that he did not do it. In effect, the Defendant Officers communicated to [Plaintiff] that Buddy knew that [Plaintiff] reported him to the police and that Buddy, who had a criminal history, was mad." *Id.* ¶57. They also made Plaintiff believe that his brother was not backing his story, even though this was untrue and Larry also told the Defendant Officers that Buddy was the one responsible for the shooting. *Id.* ¶58. Plaintiff was scared, confused, and exhausted. *Id.* ¶¶55, 60, 61. The Defendant Officers seized this opportunity and had a new detective (Defendant Redmond) talk to Plaintiff to be the "reasonable" officer. Eventually, Plaintiff succumbed to the Defendant Officers manipulation and tactics and told them "whatever they wanted." *Id.* ¶¶66, 67.

These allegations give the Defendants fair notice of the claims and are sufficient under Rule 8. *Springs v. Schwarz*, 2017 WL 4130504, at *3 (N.D. Ill. Sept. 9, 2017) ("Group pleading that refers to 'Defendants' collectively is sufficient under Rule 8 when a plaintiff provides enough detail about the nature of the allegations to put each defendant on fair notice of the claims."). Yet, Defendants seek to place a higher burden on the Plaintiff than the federal rules require. Defendants submit that because Plaintiff "pursued his claims of innocence through multiple appeals and post-conviction proceedings," he should be compelled to identify the specific actions of each individual defendant. (Doc. 101 pp.2-3). Courts in this district have repeatedly denied motion to dismiss asserting similar "group pleading" arguments, including in wrongful conviction cases like this one. *Rivera v. Lake Co.*, 974 F. Supp. 2d 1179, 1194-95 (N.D. Ill. 2013); *Koh*, 2013 WL 5348326, at *4; *Sanders v. City of Chicago Heights*, 2014 WL 5801181, at *3 (N.D. Ill. Nov. 7, 2014) (rejecting defendants' "group pleading" argument because "[u]nder the circumstances, Plaintiff has alleged sufficient details that present a 'story that holds together' in relation to his due process claim and the derivative conspiracy and failure

4

to intervene claims."); *Starks v. City of Waukegan*, 946 F. Supp. 2d 780, 786 (2013) (plaintiff provided Rule 8(a) notice and "the fact that some paragraphs of the complaint refer to "the Defendants" rather than listing each defendant's name does not require dismissal"); *Kuri v. City of Chicago*, 2014 WL 114283, at *7 (N.D. Ill. Jan. 10, 2014) ("Although it relies on 'group pleading,' Kuri's complaint is coherent, and the basis of his claims is easily understood."); *Johnson v. Village of Maywood*, 2012 WL 5862756, *2 (N.D. Ill. Nov. 19, 2012) (rejecting argument that complaint that "lumped" police officers together should be dismissed: "Plaintiff could have made identical factual allegations in five separate paragraphs, alleging one-by-one that each Defendant witnessed or participated in the attack and failed to come to his aid. Plaintiff could have done so, but he was not required to"). To be clear, there is nothing preventing each of the named Defendants from answering each allegation in the Amended Complaint. Each Defendant is completely free to admit, deny, or claim lack of knowledge as to every allegation Plaintiff has pled, consistent with that particular Defendant's view of the truth. Given this context, Defendants' group pleading argument should be rejected.

Further, where Plaintiff possesses the requisite knowledge, many of the complaint's allegations do identify specific individuals and what actions they took. For example, the amended complaint makes clear that "at one point, Defendant Forrester vowed that even if someone came in and claimed responsibility for the crime, [the Plaintiff] would not be leaving the building," and when Forrester told Plaintiff that he would "fry in the electric chair," the Defendant Officers "either participated or stood idle and did nothing to prevent it. *Id.* ¶¶49, 51; *see also, id.* ¶¶31, 43, 50, 52, 54, 58, 62-65, 68, 70-71, 73-74, 79-80, 87, 91-92. "Rule 8(a) is not so rigid that it requires a plaintiff, without the benefit of discovery, to connect every single alleged instance of misconduct in the complaint to every single specific officer." *Koh*, 2013 WL 5348326, at *4.

With regards to Plaintiff's fabrication and *Brady* claims, Plaintiff spells out the Defendant Officers' involvement. The Defendant Officers knew that Plaintiff was not involved in the shooting, that he repeatedly proclaimed his innocence, and that he only recited their fabricated story after they made him believe that he would not walk out of that building alive and his family had abandoned him. *Id.* ¶¶47-50, 54-60, 67, 69. In order to support the fabricated confession, "Defendant Officers also made false statements in their reports", specifically, "Defendant Officers' recitations of the interrogation contained fabrications." *Id.* ¶74. The amended complaint further explains that the "Defendant Officers coerced Lynn Hollingshed – a fifteen year old boy – to make incriminating statements about [the Plaintiff]." *Id.* ¶76. Mr. Hollingshed was a vulnerable witness because he had a criminal record and was potentially facing charges for a shooting incident a month prior. *Id.* ¶¶78, 80.

In the complaint, Plaintiff identified Defendant Pozzi as the officer who bought Mr. Hollingshed in for interrogation the same night that the Defendant Officers obtained Plaintiff's fabricated confession. *Id.* ¶79. Defendant Pozzi was the officer who investigated the prior shooting and Plaintiff believes that the "Defendant Officers were [also] familiar with this prior incident." *Id.* ¶80. One or more of the Defendant Officers used this information to coerce Mr. Hollingshed into signing a false statement implicating the Plaintiff. *Id.* ¶81. The Defendant Officers withheld this information from Plaintiff, his criminal defense attorney, and prosecutors. As a result of the Defendant Officers' individual and collective, unlawful acts, Plaintiff was arrested detained, prosecuted and convicted for a crime they knew he did not commit. *Id.* ¶84. These allegations are more than sufficient at this stage. *Rivera* 974 F. Supp.2d at 1194-95 (N.D. Ill. 2013) ("an allegation directed at multiple defendants can be adequate to plead personal involvement. … This Court recognizes that a plaintiff may not be able to attribute misconduct to specific individuals where the plaintiff did not know the identity of the offender at the time of the

incident. In addition, where a plaintiff has been injured as the consequence of the actions of an unknown member of a collective body, identification of the responsible party may be impossible without pretrial discovery.") (citing *Brooks*, 578 F.3d at 582; *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009)); *Vavaris v. Delia*, 1996 WL 521287, at *2 (N.D. Ill. Sept. 11, 1996) ("Although [the plaintiff] does not currently possess enough information to make specific allegations against each officer, the complaint effectively puts the officers on notice of the general claims against them and the circumstances from which the claims arise."); *Duarte v. City of Chicago*, 1990 WL 165302, at *1 (N.D. Ill. Oct. 25, 1990) (declining to require plaintiffs to plead which of many individual officers committed each act because the plaintiffs "did not know the identities of the officers at the time of the incident," making it "unreasonable to expect more specific allegations until the parties have conducted discovery").

The cases cited by Defendants do not support their argument that for fabrication and *Brady* claims, Rule 8 requires complaints to allege the specific acts conducted by each individual defendants. *See Engel v. Buchan,* 710 F.3d 698 (7th Cir. 2013) (observing that conclusory allegations alone is not sufficient but that "legal conclusions can provide the framework of the complaint" if they are "supported by factual allegations," and in the case at hand where the complaint describes in detail how the defendants framed plaintiff, ignored his claims of innocence, and describes plaintiff's prosecution, conviction, and how and why his conviction was overturned, the complaint "easily contains enough specific factual allegations to state a plausible claim for violation of his due-process rights under *Brady"*) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009); *Atkins v. Hasan*, 2015 WL 3862724, at *2 (N.D. Ill. June 22, 2015) (acknowledging that in certain cases, referring to "the defendants" adequately pleads personal involvement, but not in the instant case, where the plaintiff did not allege that all the defendants committed certain acts, but that the alleged acts could have been committed by defendants or

other unidentified individuals); *Bank of America, N.A. v. Knight,* 725 F.3d 815 (7th Cir. 2013) (affirming dismissal because the bank, suing various groups of individuals with varying roles, alleged that *someone* looted from the corporation without any details about who did what; thus, the complaint fails to "propound a plausible contention that a particular person did anything wrong"; *Grieveson v. Anderson*, 538 F.3d 763 (7th Cir. 2008) (at summary judgement, "vague references to a group of defendants, without specific allegations tying the individual defendants to the alleged unconstitutional conduct, do not raise a genuine issue of material fact with respect to those defendants."). Defendants' citation of these authorities is inapposite and dismissal of Plaintiff's fabrication and *Brady* clams are not warranted.

    **B.**    **Defendants Iasparro, Olson, Pozzi**

Defendants Iasparro, Olson, and Pozzi acknowledge that the amended complaint makes individual allegations relating to their actions and contribution to Plaintiff's wrongful conviction but complain that those allegations alone are not sufficient to meet the pleading requirements under Rule 8. (Doc. 101 pp. 6-7). This argument is rooted in the refusal to acknowledge what is plainly set forth in the complaint: that all of the individual officers were involved in the coercion of Plaintiff's false confession, and participated in the fabrication and withhold of exculpatory evidence. *See, supra,* Section I(A). The allegations of these Defendants' role in Plaintiff's wrongful conviction as stated in the compliant are more than adequate under Rule 8.

    **i.**    **Defendants Olson and Pozzi**

Plaintiff voluntarily went to the Winnebago Public Safety Building when he learned that the Rockford Police was looking for him. (Doc. 88 ¶39). He provided the Defendant Officers with information that would help with their investigation, including admitting that he owned a TEC 22 handgun. *Id.* ¶47. In order to booster their case against Plaintiff, the Defendant Officers – including Olson – created lies about the interrogation. *Id.* ¶74. The Defendant Officers claimed

8

that Plaintiff told them that he owned a TEC 25 and because they had never heard of such a model, Defendant Olson called a gun shop. *Id.* The complaint alleges that Defendant Olson learned from the gun shop that a TEC 25 and TEC 22 did not look alike. *Id.* The police report states that "they knew [Plaintiff] was lying" because of this. *Id.* In light of the allegations directed at all the individual defendant officers (including Olson) and the specific allegations against Defendant Olson, the amended complaint gives Olson sufficient notice of the claims asserted against him.

Likewise, the amended complaint puts Defendant Pozzi on notice of the claims against him and the circumstances from which the claims arise. As mentioned above, on the same night the Defendant Officers interrogated the Plaintiff, they also coerced Lynn Hollingshed into signing a false statement, implicating Plaintiff in the shooting. *See, supra,* pp. 6. Defendant Pozzi had previous interactions with Hollingshed and knew that Hollingshed was potentially facing criminal charges for a shooting incident. (Doc. 88 ¶80). Defendant Pozzi was the detective investigating that shooting. *Id.* Either he and/or the other individual defendant officers pressured Hollingshed to make statements about the Plaintiff that they knew were false. *Id.* ¶¶76, 81. Neither Defendant Pozzi or any of the other defendant officers disclosed to Plaintiff or his defense attorney about Hollingshed's potential charges or the fact that they had manufactured Hollingshed's statement. *Id.* ¶83. The Defendant Officers sat idle when Hollingshed provided false testimony at Plaintiff's criminal trial. *Id.* ¶¶86-87. All of which, caused Plaintiff to be arrested, detained, prosecuted, and convicted of a crime that he did not commit. *Id.* ¶84. Plaintiff does not need to allege all the circumstances surround the false witness statement; it would be impossible for him to know all the circumstances without the benefit of discovery. *Avery v. City of Milwaukee,* 847 F.3d 433, 443-444 (7th Cir. 2017) ("[T]he material question is whether Avery was aware of the impeachment evidence. . . Avery knew that the informants' statements were

9

false, but he did not know about the pressure tactics and inducements the detectives used to obtain them. And he did not know that Kimbrough had in fact recanted his statement just before trial but was told that he "had to" testify. In other word, he did not have the evidence that could help him prove that the informants' statements were false."); *Newsome v. McCabe*, 256 F.3d 747, 753 (7th Cir. 2001) (Brady theory viable where police officers withheld information about the manner in which they improperly influenced eyewitnesses). Plaintiff has met the requirements of Rule 8 and provided enough detail about Defendant Pozzi's involvement such that his argument for dismissal is baseless.

      ii.    **Defendant Iasparro**

Defendant Iasparro argues that "the sole allegations particular to [him]" are that he was a Rockford police officer, and that he failed to disclose during his testimony how he obtained the false confession from Plaintiff and coerced Hollingshed into making false incriminating statements against the Plaintiff. (Doc. 101 ¶¶ 3-4). This argument is premised on ignoring all of the allegations concerning all of the Defendant Officers' participation in Plaintiff's unlawful interrogation and fabrication of his confession, and in Hollingshed's coerced and false statement against the Plaintiff. As discussed above, Plaintiff has included Defendant Iasparro in all his allegations about the circumstances with respect to his fabricated confession and the manufactured evidence used against him that resulted in his wrongful detention, prosecution, and conviction. Defendant Iasparro grumbles at the fact that the amended complaint does not explain "when/how Iasparro is alleged to have extracted a false statement from Plaintiff, or … how he allegedly coerced Hollingshed, or … how he knew that John Horton was not the killer. *Id.* at ¶4. At this stage of litigation, however, Plaintiff is not expected to be able to identify which officers committed which acts. *Patterson v. Burge,* 328 F. Supp. 3d 878, 887-88 (N.D. Ill. 2004) ("Federal notice pleading rules do not require [the plaintiff] to provide detailed explanations of

how each particular defendant caused each of his injuries."). "It would be patently unfair and illogical to force such a person to identify which of [multiple] officers committed the act before taking discovery." *Wilson v. City of Chicago,* No. 09 C 2477, 2009 WL 3242300, at *2 (N.D. Ill. Oct. 7, 2009); *see also, Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009) (noting that where a plaintiff has been injured "as the consequence of the actions of an unknown member of a collective body, identification of the responsible party may be impossible without pretrial discovery" and that this is "not by itself a proper ground for dismissal").

The second argument Defendant Iasparro makes is that he entitled to absolute immunity for the testimony he gave as a witness. (Doc. 101 ¶5). Iasparro is correct that *Briscoe v. LaHue*, 460 U.S. 325, 332-33 (1983), and *Rehberg v. Paulk*, 566 U.S. 356, 368-69 (2012), respectively, establish testimonial immunity. But as the Supreme Court and Seventh Circuit have said repeatedly, testimonial immunity does not extend to pre-trial acts of fabrication that are then presented by way of testimony at trial. *Rehberg*, 566 U.S. at 370 n.1; *Avery v. City of Milwaukee*, 847 F.3d 433, 441-43 (7th Cir. 2017) (denying absolute immunity to officers who testified about the fabricated confession because "[w]hen the detectives falsified their reports of a nonexistent confession, it was entirely foreseeable that this fabricated 'evidence' would be used to convict [the § 1983 plaintiff] at trial for [the] murder. That was, of course, the whole point of concocting the confession."); *Fields v. Wharrie*, 740 F.3d 1107, 1110-13 (7th Cir. 2014) (denying absolute immunity to prosecutor who plaintiff alleged fabricated evidence because "[i]t may seem difficult to understand why a prosecutor who, acting in an investigative role before judicial proceedings against a criminal defendant began, coerced a witness or fabricated testimony, intending that it be used against the defendant and knowing that it would be used against shim should be excused from liability…".

Also instructive is *Garcia v. Hudak*, 156 F.Supp.3d 907 (N.D. Ill. 2016), where, like in this case, all of the evidence against the plaintiff were fabricated by the defendant officers. Under those circumstances, the court rejected the defendant officers' argument, explaining that absolute immunity does not extend to withholding exculpatory evidence:

> The Individual Defendants did not falsely testify about the facts in the criminal matter. Instead, they fabricated a new reality—one in which Plaintiff possessed narcotics with the intent to distribute them—then testified accordingly. This alleged behavior deprived Plaintiff of his right to receive Brady material and consequently, the Individual Defendants are not entitled to absolute immunity for their role as witnesses in Plaintiff's criminal case. In sum, the Court finds that . . . the Individual Defendants are not entitled to absolute immunity for their witness testimony.

*Id.* at 917. Plaintiff alleges that Iasparro, along with the other individual defendants, participated in the fabrication of Plaintiff's confession and Lynn Hollingshed's false statement that were used to obtain Plaintiff's arrest, detention, and conviction. Iasparro's failure to disclose the exculpatory evidence at trial – including the use of various kinds pressures and tactics to obtain the fabricated evidence – strips away any testimony immunity that may otherwise have been afforded to him. Thus, there is no basis for dismissal of Iasparro from this lawsuit.

## II. Plaintiff's Federal Conspiracy Claim Against the Defendants Should Not Be Dismissed.

Defendants' argument for dismissal of Plaintiff's federal conspiracy claim is based on a fundamental misreading of both the amended complaint and the law. For starters, Plaintiff seeks redress for conspiracy under 28 U.S.C. §1983, and not §1985 as Defendants have argued. *Compare* (Doc. 88 ¶¶153-159) *with* (Doc. 101 p.7). To state claim under §1983 for civil conspiracy, a plaintiff must allege facts which the Court may reasonably infer that there was "(1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Scherer v. Balkema*, 840 F.2d 437, 441 (7th Cir. 1988).

Plaintiff has sufficiently pled facts that give his conspiracy claim substantive plausibility. The Defendant Officers interviewed several individuals the same night they extracted the false confession from Plaintiff. (Doc. 88 ¶¶57-58, 79). Some interviewed the Plaintiff, while other Defendant Officers interviewed the Plaintiff's brother, Larry Horton, Buddy English (the true perpetrator), and Lynn Hollingshed. *Id.* Defendant Officers used Larry Horton and Buddy English to manipulate Plaintiff into reciting their version of events. *Id.* ¶¶57-60. Despite several witnesses reporting that English was the one responsible for the shooting and knowing that English gave a false alibi, the individual Defendants fabricated evidence against Plaintiff, causing his wrongful conviction. *Id.* ¶¶56-58, 91-92. Given these well-pleaded facts are accepted as true, it is reasonable to infer that the Defendant Officers met throughout the night and conspired to deprive Plaintiff of his due process and liberty rights, and Plaintiff should be permitted to move forward with this claim.

As with respect to the law, Defendants' argument that Plaintiff's conspiracy claim should be dismissed because the Defendants were all state actors is without merit. Citing to 28 U.S.C. §1985(3), Defendants contend that recovery is only available "from a private actor who has conspired with state actors." (Doc. 101 p.7). The amended complaint, however, makes clear that Plaintiff brings his conspiracy claim under §1983, not §1985. (Doc. 88 ¶¶153-159). Under §1983, the Defendants cannot escape liability just because they were state actors. "Nothing in the statute's text compels such a conclusion." *Boothe v. Sherman*, 66 F.Supp.3d 1069, 1077 (N.D. Ill. 2014). "[M]any Seventh Circuit decisions have taken for granted that a §1983 conspiracy claim is viable even where all defendants are state actors." *Id.* (citing *Lewis v. Washington*, 300 F.3d 829, 835 (7th Cir.2002) (reversing the district court's dismissal of a §1983 conspiracy claim against only state actor defendants); *Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir.1999) (implicitly assuming the availability of a §1983 conspiracy claim against only

13

state actor defendants); *Jones v. City of Chicago*, 856 F.2d 985, 992–93 (7th Cir.1988) (affirming a jury verdict finding a §1983 conspiracy among only state actors)).

The cases cited by Defendants are easily distinguishable. Three of the five cases cited in Defendants' brief involved claims under or was analyzed under §1985. *See Odogba v. Wisconsin Dep't of Justice,* 22 F.Supp.3d 895 (E.D. Wis. 2014); *Fairley v. Andrews*, 578 F.3d 518 (7th Cir. 2009); *Scott v. City of Chicago,* 619 Fed.Appx. 548 (7th Cir. 2015)(As explained in *Wheeler v. Piazza*, 364 F. Supp. 3d 870, 881 n.7, (N.D. Ill. 2019), "the discussion in the Seventh Circuit's order prior to its pronouncement regarding conspiracy claims against public employees alone, seems to suggest that the court of appeals assumed that Plaintiff was seeking to state a conspiracy claim under §1985. *See Scott*, 619 F. App'x at 548 ("A conspiracy between private parties and state actors authorizes suit against the private parties in federal court.")").

As to *Logan v. Wilkins* and *Hoskins v. Poelstra,* the courts observed that the conspiracy claims only mattered to the private defendants because the other defendants "are state actors, and thus amenable to suit under 42 U.S.C. §1983, by virtue of their offices." *Logan,* 644 F.3d 577, 583 n.1 (7th Cir. 2009); *Hoskins,* 320 F.3d 761, 764 (7th Cir. 2003). "But saying that a §1983 conspiracy charge is unnecessary or duplicative is not the same as saying that it is prohibited." *Boothe*, 66 F.Supp.3d at 1077. "There is no rule preventing a plaintiff from alleging multiple legal theories as bases for recovering on a single injury, particularly at the pleading stage." *Id.* at 1077-78. "In fact, recent decisions from the Seventh Circuit and this district suggest that a plaintiff may simultaneously pursue substantive and conspiracy claims under §1983." *Wheeler*, 364 F.Supp.3d at 880-81 (N.D. Ill. 2019) (citing examples: *Daugherty v. Page*, 906 F.3d 606 (7th Cir. 2018) (concluding plaintiff had produced inadequate evidence to defeat summary judgment on his §1983 conspiracy claim against state officials, but noting that the district court had erred in granting summary judgment against him on his First Amendment retaliation claim);

*Serrano v. Guevara*, 315 F.Supp.3d 1026, 1039 n.12 (N.D. Ill. 2018) (declining to dismiss conspiracy claims where they were based on surviving substantive claims)). Given that Plaintiff pled his conspiracy claim under §1983 and the text of the statute does not limit liability to only private actors, Defendants' argument should be rejected.

## CONCLUSION

For the foregoing reasons, Defendants', other than Defendants Bruce Scott, Robert Redmond, and the Estate of Howard Forrester, Motion to Dismiss (Doc. 101) should be denied.

Respectfully Submitted,

/s/ Cindy Tsai
One of Plaintiff's Attorneys

Arthur Loevy
Jon Loevy
Elliot Slosar
Cindy Tsai
LOEVY & LOEVY
311 North Aberdeen Street, 3rd Floor
Chicago, Illinois 60607
Tel: (312) 243-5900
Fax: (312) 243-5902
arthur@loevy.com
jon@loevy.com
elliot@loevy.com
cindy@loevy.com

## CERTIFICATE OF SERVICE

I, Cindy Tsai, an attorney, on May 10, 2019, filed the foregoing, via CM/ECF, causing a copy of it to be delivered to all counsel of record through electronic service.

/s/ Cindy Tsai