# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN HORTON, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF ROCKFORD, *et al.*, <br><br> Defendants. | Case No. 18 C 6829 <br><br> Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Plaintiff John Horton brings this suit against the City of Rockford and various past and current Rockford police officers. Horton alleges that Rockford police officers abused him and violated his rights while he was in custody, which led to Horton falsely confessing to, and being wrongly convicted of, armed robbery and murder. Defendants move to dismiss Horton's Amended Complaint. For the reasons stated herein, Defendants' Motion to Dismiss (Dkt. No. 101) is granted in part and denied in part.

### I. BACKGROUND

On September 19, 1993, a masked gunman entered a McDonald's restaurant in Rockford, Illinois. The man shot and killed a customer in the restaurant before demanding that the manager on duty turn over the contents of the restaurant's safe. Within several days of the shooting, Horton heard that Rockford police

officers were looking into him as a suspect. (Am. Compl. ¶ 39, Dkt. No. 88.) At the time, Horton was 17 years old and a student in the 11th grade. (Am. Compl. ¶¶ 12, 40.) On his own accord, Horton went to the Winnebago County Public Safety Building in an attempt to clarify the situation. (Am. Compl. ¶ 39.)

According to the Amended Complaint, Rockford police officers detained and interrogated Horton for approximately ten hours even though they knew he was a minor. (Am. Compl. ¶ 41.) These officers used various improper tactics such as manipulating, physically threatening, and isolating Horton, and denying him proper nutrition and sleep, in order to coerce Horton into signing a false confession. (Am. Compl. ¶¶ 41, 46, 51.) These officers then went on to fabricate evidence, lie in their police reports regarding Horton's confession, and conceal a great deal of exculpatory evidence from the prosecutors and Horton's defense attorneys, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (Am. Compl. ¶¶ 70-76, 83.)

In 1995, Horton was tried for the McDonald's murder and armed robbery. (Am. Compl. ¶ 85.) His false confession was the primary evidence introduced against him at trial. (Am. Compl. ¶ 86.) A jury convicted Horton, and he was sentenced to life imprisonment without parole. (Am. Compl. ¶ 88.) Soon after Horton's conviction, another man named Clifton English contacted Horton's attorneys and

confessed that English committed the crimes for which Horton had been convicted. (Am. Compl. ¶ 89.) Over the next 18 years, English attempted several times to bring his confession to the attention of the appropriate authority who might be able to exonerate Horton. (Am. Compl. ¶ 93.) Ultimately, in October 2016, the Illinois Appellate Court reversed Horton's conviction and remanded the case for a new trial. (Am. Compl. ¶ 96.) By the time Horton's conviction was reversed, he had spent more than 23 years of his life in prison. (Am. Compl. ¶ 117.) The special prosecutor appointed to review the case eventually decided to drop all charges against Horton. (Am. Compl. ¶ 97.)

Plaintiff brought suit against the City of Rockford and the following past and current Rockford police officers: Paul Ardunio, James Barton, the Estate of Howard Forrester, Rich Gambini, Daniel Gray, Greg Hanson, Dominic Iasparro, Steve Johnson, Clint Kellett, the Estate of Gregory Lindmark, Charles McDonald, Russell Nelson, Steven Olson, Anthony Piccirilli, Steve Pirages, Sam Pobjecky, John Pozzi, Robert Redmond, Mark Schmidt, Bruce Scott, Dan Scott, and Paul Triolo. To adopt the nomenclature Plaintiff uses in his Amended Complaint, the Court will refer to the individual Defendants collectively as the "Defendant Officers." Horton alleges 11 counts in his Amended Complaint:

> Count I: coercion of a false confession in violation of the Fifth and Fourteenth Amendments;

Count II: deprivation of liberty without probable cause in violation of the Fourth and Fourteenth Amendments;

Count III: deprivation of due process and right to a fair trial in violation of the Fourteenth Amendment;

Count IV: failure to intervene in ongoing violations of Horton's constitutional rights;

Count V: conspiracy to deprive Horton of his constitutional rights;

Count VI: *Monnell* policy and practice claim against the City of Rockford;

Count VII: intentional infliction of emotional distress under Illinois State law;

Count IX [sic]: civil conspiracy to frame Horton for a crime he did not commit, under Illinois State law;

Count X: indemnification claim against the City of Rockford; and

Count XI: *respondeat superior* claim against the City of Rockford.

All Defendants other than Bruce Scott, Robert Redmond, and the Estate of Howard Forrester, now move to dismiss Horton's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. STANDARD

Dismissal for failure to state a claim is proper when "the allegations in a complaint, however true, could not raise a claim

of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain allegations that "state a claim to relief that is plausible on its face" or it is subject to dismissal under Rule 12(b)(6)." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations must be enough to raise a right to relief "above the speculative level." *Twombly*, 550 U.S. at 555. In reviewing a plaintiff's claim, the court must construe all of the plaintiff's factual allegations as true and must draw all reasonable inferences in the plaintiff's favor. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). However, legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption. *Id*.

### III. <u>DISCUSSION</u>

#### A. Statute of Limitations

As an initial matter, Defendants argue, and Plaintiff concedes, that the state law claims for intentional infliction of emotional distress and conspiracy (Counts VII and IX) are barred by the applicable statute of limitations. In Illinois, intentional infliction of emotional distress and state law conspiracy claims are subject to a one-year statute of limitations. *See* 745 ILCS 10/8-101(a). A plaintiff cannot bring a civil suit for damages stemming from a wrongful conviction until that conviction has been reversed on appeal, expunged by executive order, declared invalid

by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thus, Horton had until one year after his conviction was vacated in October of 2016 to bring these state claims. Horton filed this suit two years later, in October of 2018; accordingly, Counts VII and IX are dismissed against all Defendants with prejudice.

### B. Sufficiency of Group Pleading

Defendants argue that the Amended Complaint fails to satisfy the federal pleading requirements because it contains "no allegations of wrongdoing" against most of the Defendant Officers. Defendants contend that the Amended Complaint over-relies on group pleading in violation of Rule 8(a)(2), which requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

Horton organized his Amended Complaint by naming all 22 of the individual Defendant Officers, explaining that at all times relevant to the Complaint they were police officers in the Rockford Police Department, and stating that they would be referred to collectively as "Defendant Officers." (Am. Compl. ¶ 15.) Thereafter, when Horton did not know the individual officers responsible for the conduct he complained of, he would refer to the "Defendant Officers" rather than naming a specific individual.

(*See, e.g.*, Am. Compl. ¶¶ 51, 66, 74 ("The Defendant Officers also threatened [Horton] with physical abuse"; "After hours of interrogation by the Defendant Officers, [Horton] succumbed to the Defendants' manipulation and coercion . . ."; "Defendant Officers also made false statements in their reports.").) Horton was able to attribute certain conduct to individual officers—primarily Scott, Redmond, and Forrester—and as a result, those three officers have not moved to dismiss the Amended Complaint. Thus, Defendants argue that Horton's pleading is not sufficiently specific to bring a case against 19 of the 22 named Defendant Officers.

Under the notice pleading standard, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). There "is no 'group pleading' doctrine, *per se,* that either permits or forbids allegations against defendants collectively." *Robles v. City of Chicago*, 354 F. Supp. 3d 873, 875 (N.D. Ill. 2019). "Group pleading" does not violate Rule 8 so long as the complaint "provides sufficient detail to put the defendants on notice of the claims." *Id*. (citing *Lattimore v. Vill. of Streamwood*, No. 17 C 8683, 2018 WL 2183991, at *4 (N.D. Ill. May 11, 2018)). With respect to the notice required to a particular defendant, there is no bright line rule; the Seventh Circuit has simply cautioned that "at some point the

factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Id.* (quoting *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)). The Seventh Circuit has held that an allegation directed at multiple defendants can adequately plead personal involvement or responsibility in the context of an alleged constitutional deprivation in certain circumstances. *See Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009).

Read as a whole, the Amended Complaint contains enough factual detail to put the Defendant Officers on notice of Horton's claims. Group pleading that refers to "Defendants" collectively is sufficient under Rule 8 when a plaintiff provides enough detail about the nature of the allegations to put each defendant on fair notice of the claims. *Springs v. Schwarz*, No. 15 C 5437, 2017 WL 4130504, at *2 (N.D. Ill. Sept. 19, 2017) (citing *Frazier v. U.S. Bank Nat'l Ass'n*, No. 11 C 8775, 2013 WL 1337263, at *3 (N.D. Ill. Mar. 29, 2013) (collecting cases)). The Amended Complaint provides the following details: Horton reported to the police station the night of September 24, 1993. The Defendant Officers then detained and interrogated Horton throughout that night; interviewed English and Hollingshed the same night; investigated English's alibi, found it to be false, but decided to pursue a case against Horton

instead; coerced Horton into signing a false confession; coerced Hollingshed into making false statements about Horton; lied in their police reports; and withheld exculpatory evidence.

Defendants urge, however, that the Amended Complaint must be dismissed because it fails to specify which Defendant Officer is responsible for which exact occurrence of misconduct throughout the night of September 24th. When Horton uses the phrase "Defendant Officers," he alleges that all Defendant Officers participated in the misconduct at issue. When Horton names an individual officer, he alleges that only that officer is responsible for the conduct. (*See, e.g.*, Am. Compl. ¶ 73.) Put another way, the Amended Complaint contains the what, where, when, and how, but not the precise "who" for every alleged act of misconduct. That is sufficient at this stage. After all, a plaintiff "may not be able to specify which individual committed which parts of the alleged misconduct before the benefit of discovery." *Kuri v. City of Chicago*, No. 13 C 1653, 2014 WL 114283, at *7 (N.D. Ill. Jan. 10, 2014) (citing *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009) ("We do not think that the children's game of pin the tail on the donkey is a proper model for constitutional tort law.")).

The Seventh Circuit has noted that when a plaintiff has been injured "as the consequence of the actions of an unknown member of

a collective body, identification of the responsible party may be impossible without pretrial discovery." *Rodriguez*, 577 F.3d at 821. This is particularly true in police misconduct cases. *See Wilson v. City of Chi.*, No. 09 C 2477, 2009 WL 3242300, at *2 (N.D. Ill. Oct. 7, 2009) ("The Defendants, and not [Plaintiff], are in possession of the knowledge of precisely which of them, if any, interrogated, manipulated, threatened, or coerced [witnesses] into giving false testimony."). Ultimately,

> Rule 8 is not so rigid that it requires a plaintiff, without the benefit of discovery, to connect every single alleged instance of misconduct in the complaint to every single specific officer. Such a pleading standard would effectively allow police officers to violate constitutional rights with abandon as long as they ensured they could not be individually identified, even if liability for acting in concert (or for aiding and abetting each other) would otherwise apply.

*Hyung Seok Koh v. Graf*, No. 11-CV-02605, 2013 WL 5348326, at *5 (N.D. Ill. Sept. 24, 2013). Of course, Horton must eventually tie particular officers to particular injuries to survive a motion for summary judgment. *See id; Grieveson v. Anderson*, 538 F.3d 763, 777-78 (7th Cir. 2008). But requiring Horton to identify each officer's actions is premature at this stage.

Additionally, Defendants raise—for the first time, in their reply—the argument that the Amended Complaint tells a story that is not "plausible." Defendants argue that "[i]n this case, the

story that twenty-two police officers collectively grilled plaintiff for ten hours in a small interrogation room in the course of collectively violating his rights does not 'hold together.' It's simply not plausible." (Defs.' Reply at 6, Dkt. No. 112.) While arguments raised for the first time in a reply brief are waived, *United States v. Wescott,* 576 F.3d 347, 354 (7th Cir. 2009), the Court notes that this argument would fail even if it raised in the motion to dismiss. Defendants are correct that the Seventh Circuit has indicated that when a plaintiff uses group pleading, he must state enough factual allegations to tell a story that is "plausible." *See Engel v. Buchan*, 710 F.3d 698, 709 (7th Cir. 2013); *see also Lattimore v. Klein*, No. 17-CV-8683, 2019 WL 1028121, at *1 (N.D. Ill. Mar. 4, 2019) ("Alleging that 'the Defendants' or 'the Responding Officers' all participated in unlawful conduct may, if plausible, suffice to provide adequate notice.").

However, a complaint must be "read sensibly and as a whole." *Engel*, 710 F.3d at 710. When the Amended Complaint states that "Defendant Officers detained and interrogated [Horton] on and off through the evening and into the early morning" (Am. Compl. ¶ 41), it does not necessarily mean that all 22 individual officers were in the room with Horton at the same time throughout night. Rather, as the remainder of the Amended Complaint makes clear, the

Defendant Officers had two other suspects in custody that same night—Clifton English and Lynn Hollingshed—and the Defendant Officers were questioning all three individuals throughout the night. (*See* Am. Compl. ¶¶ 57, 79.) Thus, it is clear that Horton is not alleging that all Defendant Officers were interrogating him at the same time. The more sensible reading of the complaint is that these 22 named officers were alternatively involved with these three individuals in the police station that night. Accordingly, Defendants' group pleading argument fails.

## C. Defendant Iasparro

The Amended Complaint alleges that Officer Iasparro failed to disclose that he obtained a false and involuntary confession from Horton when Iasparro testified at the grand jury proceedings, motion to suppress hearing, and/or Horton's trial. (Am. Comp. ¶ 87.) Defendants argue that the Amended Complaint should be dismissed as against Defendant Iasparro because he is entitled to "absolute immunity" with respect to any allegations based upon his testimony at trial.

Defendants are correct that witnesses sued under § 1983 are entitled to absolute immunity "with respect to *any* claim based on the witness' testimony." *Rehberg v. Paulk*, 566 U.S. 356, 367 (2012); *Briscoe v. LaHue*, 460 U.S. 325, 332-333 (1983). However, as Plaintiff points out, testimonial immunity does not extend to

pre-trail acts of fabrication that are then presented by way of testimony at trial. *See Rehberg*, 566 U.S. at 370 n.1 ("Of course, we do not suggest that absolute immunity extends to *all* activity that a witness conducts outside of the grand jury room. For example, we have accorded only qualified immunity to law enforcement officials who falsify affidavits and fabricate evidence concerning an unsolved crime.") (citations omitted). The Seventh Circuit's decision in *Avery v. City of Milwaukee,* 847 F.3d 433, 441 (7th Cir.), *cert. denied sub nom. Hernandez v. Avery,* 137 S. Ct. 2249 (2017), is instructive:

> Here, the detectives testified about [plaintiff's] "confession" and authenticated their false reports memorializing it; the reports were then introduced into the trial record. If an officer who fabricates evidence can immunize himself from liability by authenticating falsified documentary or physical evidence and then repeating the false "facts" in his trial testimony, wrongful-conviction claims premised on evidence fabrication would be a dead letter. . . . When the detectives falsified their reports of a nonexistent confession, it was entirely foreseeable that this fabricated "evidence" would be used to convict Avery at trial for Griffin's murder. That was, of course, the whole point of concocting the confession.

*Id.* at 442-43.

Horton alleges that Iasparro, along with Redmond and Scott, participated in obtaining a false confession from Horton and a false statement from Hollingshed, and then testified about that false evidence at trial, thus "repeating the false 'facts' in

[their] trial testimony." *See id*. This allegation removes Iasparro from the realm of absolute immunity; accordingly, there is no basis for dismissing him from this lawsuit.

### D. Federal Conspiracy Claim

Finally, Defendants argue that Count V, alleging a federal conspiracy claim under 42 U.S.C. § 1983, must be dismissed with prejudice because it is "superfluous." Defendants cite to *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009), for the proposition that "[t]he function of § 1985(3) is to permit recovery from a private actor who has conspired with state actors," and that when "[a]ll defendants are state actors… a § 1985(3) [conspiracy] claim does not add anything except needless complexity." However, Plaintiff brings his federal conspiracy claim under § 1983, not § 1985(3). And a plaintiff may bring a claim under § 1983 for civil conspiracy. *See Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988) ("[T]o establish a prima facie case of a civil conspiracy, a plaintiff must show (1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement.").

Regardless, the Court understands Defendants' point to be that the federal conspiracy count is unnecessary as to a group of state actor defendants because they are already amendable to suit

under § 1983. As for this point, Defendants are correct, the federal conspiracy claim in Count V adds nothing to the underling claims of constitutional violations in Counts I through IV. This is because "conspiracy is not an independent basis of liability in § 1983 actions," *Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008), and also because "an actual denial of a civil right is necessary before a cause of action [for conspiracy] arises," *Goldschmidt*, 686 F.2d at 585. Essentially, the Defendant Officers cannot be held liable for conspiring to violate Horton's constitutional rights unless they actually violated his rights, but if they actually violated his rights, "then the conspiracy charge adds nothing to the case or to [plaintiff's] potential recovery, as § 1983 plaintiffs may recover only once for each injury." *Boothe v. Sherman*, 66 F. Supp. 3d 1069, 1077 (N.D. Ill. 2014) (citations omitted).

However, "saying that a § 1983 conspiracy charge is *unnecessary* or *duplicative* is not the same as saying that it is *prohibited*." *Id*. A court *may* strike redundant matter from a pleading, but it is not required to do so. *See* FED. R. CIV. P. 12(f). And several Seventh Circuit decisions "take[] for granted that a § 1983 conspiracy claim is viable even where all defendants are state actors." *Boothe*, 66 F. Supp. 3d at 1077 (collecting cases). Nevertheless, plaintiffs are allowed to plead multiple legal

theories as bases for recovery on a single injury, so the Court will not dismiss the federal conspiracy claim due to the fact that it is "redundant." *See id.* at 1078.

In their reply, Defendants argue that Plaintiff failed to state a prima facie case of conspiracy because he did not spell out the particular actions taken by Defendant Officers in support of the conspiracy allegations. *See Scherer*, 840 F.2d at 442 (stating the elements of a prima facie federal conspiracy case). However, as the Court noted earlier, arguments raised for the first time in a reply brief are waived. *Wescott*, 576 F.3d at 354. Therefore, the Court will not dismiss Plaintiff's federal conspiracy count at this time.

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss (Dkt. No. 101) is granted in part and denied in part. Counts VII and IX are dismissed against all Defendants with prejudice. The remaining counts shall stand.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　　　　United States District Court

Dated: 8/6/2019