**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JOHN HORTON,

        Plaintiff,

    v.

CITY OF ROCKFORD, *et al.*

        Defendants.

No. 18-cv-6829

Judge Franklin U. Valderrama

## ORDER

John Horton (Plaintiff) was incarcerated for twenty-three years after being convicted of an armed robbery and murder in Rockford in 1995. In October 2016, the Illinois Supreme Court vacated Plaintiff's conviction and ordered a new trial. R. 88, Amended Complaint (Am. Compl.) ¶ 96.[1] After conducting an extensive review of Plaintiff's case, an appointed Special Prosecutor dropped all charges. *Id.* ¶ 97. Ultimately, Plaintiff received a Certificate of Innocence (COI) pursuant to 735 ILCS 5/20-702. R. 250, Exh. 1 to Pl.s' Mots. *Limine*, COI Ruling Transcript.

Plaintiff sued under 42 U.S.C. § 1983 Rockford police officers Bruce Scott, Steve Pirages, Estate of Howard Forrester, John Pozzi, Robert Redmond (Defendant Officers), and the City of Rockford (collectively, Defendants). Plaintiff alleges that the Defendant Officers violated his constitutional rights by coercing him into making a false confession, fabricating evidence, and withholding evidence, leading to Plaintiff's conviction and incarceration. *See generally* Am. Compl. Plaintiff also brings claims against the Defendant Officers for failure to intervene and conspiracy to deprive constitutional rights. *Id.* Plaintiff also sued the City of Rockford (the City) under *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978) (*Monell*) and asserted state law claims against the City for indemnification and *respondeat superior. Id.*

All Defendants deny violating Plaintiff's constitutional rights and the Defendant Officers have asserted the affirmative defenses of qualified immunity, collateral estoppel, *res judicat*a (issue preclusion), comparative fault, and failure to mitigate damages. *See generally* R. 265, Jnt. Pretrial Memo. Linda Forrester, as Special Administrator of the Estate of Howard Forrester, has also raised a statute of limitations affirmative defense as to each claim against the Estate. *Id.* The City has not asserted any affirmative defenses.

---

[1] Citations to the docket are indicated by "R." followed by the docket number or filing name, and, where necessary, a page or paragraph citation.

1

The Court set this matter for trial commencing on January 13, 2025. R. 243. The parties have filed motions *in limine* and other submissions in advance of the December 19, 2024 Pretrial Conference, which the Court addresses in this Order. *See generally* R. 250, Exh. 4, Pl.'s Mots. *Limine*; R. 254, Exhs. 7–11, Defs.' Mots. *Limine*.

## Legal Standard

"A district court is accorded wide discretion in determining the admissibility of evidence under the Federal Rules." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (cleaned up).[2] A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A motion *in limine* permits "the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not to be presented to the jury because they clearly would be inadmissible for any purpose." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion *in limine*, however, should not be used to resolve factual disputes or weigh evidence. *Hutchinson v. City of Thompson Falls*, 2021 WL 321886, at *1 (D. Mont. Feb. 1, 2021) (cleaned up). The Court excludes evidence on a motion *in limine* only if the evidence is clearly not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.,* 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401. Finally, rulings *in limine* are provisional. "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

---

[2]This Order uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

## Analysis

### I.  Plaintiff's Motions *in Limine*

#### A.  Motion *in Limine* No. 1: Barring Reference to or Introduction of Inadmissible Hearsay Opinions About Confession

Plaintiff's Motion *in Limine* No. 1 seeks to bar any reference to, or reliance on the trial and appellate courts' rulings on Plaintiff's original motion to suppress his confession (the rulings). R. 250, Pl.s' Mots. *Limine* at 1. Defendants oppose the motion, insisting the rulings are admissible.

In Plaintiff's criminal case, the trial court denied Plaintiff's motion to suppress his confession and found that Plaintiff's confession was voluntary and admissible. R.254, Appellate Court Ruling, at 4. Plaintiff's confession was introduced at trial, and he was ultimately convicted. *Id.* at 9. Plaintiff appealed the court's ruling on his motion to suppress, which the appellate court affirmed. *Id.* at 1. In moving to bar evidence of these rulings, Plaintiff advances three arguments: (1) the rulings are hearsay; (2) the rulings lack preclusive effect and are therefore irrelevant; and (3) evidence of these rulings would be unduly prejudicial. The Court addresses each argument in turn.

#### 1.  The Rulings are Inadmissible Hearsay

Plaintiff first argues that the rulings are inadmissible hearsay. Pl.s' Mots. *Limine* at 1. Defendants counter that the rulings are exempted from the hearsay rule by Federal Rule of Evidence 803(8)(B), or the "public records" exception (citing *United States v. Lechuga*, 975 F.2d 397 (7th Cir. 1992)). R. 254, Exh. 6, Defs.' Resp., at 1.

Rule 803 of the Federal Rules of Evidence provides in relevant part:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness . . .

(8) Public Records. A record or statement of a public office if

(A) it sets out:
(i)     the office's activities;
(ii)    a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or

> (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
>
> (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Fed. R. Evid. 803(8).

As an initial matter, the Seventh Circuit has not specifically addressed[3] the admissibility of judicial findings of fact under Rule 803(8). In *Lechuga*, the Seventh Circuit found that various court records such as "an Order Setting Conditions of Release, an Appearance Bond, and minutes from several court proceedings" were admissible under Rule 803(8). *Lechuga*, 975 F.2d at 398. These records were proffered to establish facts "such as the fact that defendant was released on bond, or the fact that at arraignment the magistrate judge instructed [defendant] to appear at trial on July 5." *Id.* at 399. These records are far different than the rulings Plaintiff seeks to bar. The *Lechuga* records contained objective factual assertions untethered to a legal conclusion. The rulings in this case, however, are judicial findings of fact underpinning the ultimate legal conclusion that Plaintiff's confession was voluntary and therefore admissible at trial.

The weight of authority is against the notion that judicial findings of fact are exempted under Rule 803(8). *See Herrick v. Garvey*, 298 F.3d 1184, 1192 (10th Cir. 2002) ("Rule 803(8) was not intended to allow the admission of findings of fact by courts. Rule 803(8) is limited to investigations"); *United States v. Jones*, 29 F.3d 1549, 1554 (11th Cir. 1994) ("the plain language of Rule 803(8)(C) does not apply to judicial findings of fact. It applies to factual findings resulting from an investigation made pursuant to authority granted by law"); *Nipper v. Snipes*, 7 F.3d 415, 418 (4th Cir. 1993) ("There is not the slightest hint that, from either the text of the rule or the advisory committee note, that the rule applies to judicial findings of fact"). As the Tenth Circuit observed, "the Federal Rules of Evidence specifically allow for the admission of certain kinds of judgments or their underlying facts as evidence." *Herrick*, 298 F.3d at 1192 (citing Rule 803(22) (previous conviction) and Rule 803(23) (judgments involving personal, family, or general history and boundaries)). Therefore, the court reasoned, "[a] contrary conclusion . . . would effectively eliminate the narrow nature of these hearsay exceptions and render them

---

[3] However, the Seventh Circuit has stated that civil judgments and underlying judicial findings of fact typically constitute inadmissible hearsay. *See Greycas, Inc. v. Proud*, 826 F.2d 1560, 1567 (7th Cir. 1987) (outside two narrow exceptions, "civil judgments are said not to be usable in subsequent proceedings as evidence of the facts underlying the judgment.").

4

redundant." *Id*. This Court agrees and finds that the trial court' findings of facts from Plaintiff's motion to suppress hearing are inadmissible hearsay.

### 2. The Court May Take Judicial Notice Only of the Rulings' Outcomes

Alternatively, Defendants posit the Court may take judicial notice of the rulings under Federal Rule of Evidence 201(b)(2), claiming it is undisputed that Plaintiff's motion to suppress was denied and that the denial was upheld on appeal.

"A court may take judicial notice of an adjudicative fact that is both not subject to reasonable dispute and either 1) generally known within the territorial jurisdiction of the trial court or 2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably be questioned." *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (cleaned up). As the Seventh Circuit has explained, "[j]udicial notice is premised on the concept that certain facts or propositions exist which a court may accept as true without requiring additional proof from the opposing parties." *Id*.

To the extent that Defendants argue that the Court may take judicial notice of the facts that Plaintiff's original motion to suppress was denied and that the denial was affirmed on appeal, the Court agrees. Those facts are of public record and not subject to reasonable dispute, as they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also Gen. Elec. Cap. Corp.*, 128 F.3d at 1083 ("judicial approval of a class action settlement is an appropriate subject for judicial notice because it is a source whose accuracy cannot be reasonably questioned.") (cleaned up); *see also Opoka v. INS*, 94 F.3d 392, 394 (7th Cir.1996) (stating that proceedings in courts within and outside the federal judicial system may be judicially noticed).

However, if Defendants are inviting the Court to judicially notice the rulings for the purpose of finding Plaintiff's confession to be voluntary, the Court declines the invitation as judicial notice is inappropriate. The "application of a previous finding to a latter proceeding must be beyond reasonable dispute before a court may take judicial notice because the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and, in effect, directing a verdict against him as to the fact noticed." *Gen. Elec. Cap. Corp.*, 128 F.3d at 1083. The findings contained in the trial court's rulings on the motion to suppress are not beyond reasonable dispute—Plaintiff's conviction has been vacated and he has obtained a COI, calling into question the veracity and voluntariness of his confession. It would thus be inappropriate for the Court to take judicial notice of the factual findings within the rulings for the purpose of establishing Plaintiff's confession was

5

voluntary. *See REM Properties v. ExxonMobil Oil Corp.*, 2023 WL 5152665, at *6 (N.D. Ill. Aug. 10, 2023) (judicial notice of documents not appropriate where plaintiffs disputed veracity of the documents); *Ware v. Lake Cnty. Sheriff's Off.*, 2017 WL 914755, at *3 (N.D. Ill. Mar. 8, 2017) (judicial notice of termination of employment letter not appropriate for the purpose of finding the termination legitimate, as that was a disputed fact); *Facebook, Inc. v. Teachbook.com LLC*, 819 F. Supp. 2d 764, 772 (N.D. Ill. 2011) (judicial notice not appropriate where evidentiary value of documents was subject to reasonable dispute).

### 3. Collateral Estoppel Does Not Apply

Last, Plaintiff argues that if the rulings are admissible on any basis, they must be excluded nonetheless as they lack preclusive effect and are therefore irrelevant. Defendants, on the other hand, contend the rulings are relevant because they establish that Plaintiff is collaterally estopped from relitigating the voluntariness of his confession. The Court agrees with Plaintiff.

The doctrine of collateral estoppel "bars the relitigation, in subsequent proceedings between the same parties, of specific issues heard and decided in their previous suit." *Jones v. York*, 34 F.4th 550, 560 (7th Cir. 2022). Collateral estoppel applies to § 1983 plaintiffs who seek to relitigate issues already adjudicated in state court. *Allen v. McCurry*, 449 U.S. 90, 104 (1980). Federal courts must apply the collateral estoppel standards "of the state whose judgment is sought to be used to block relitigation." *Saecker v. Thorie*, 234 F.3d 1010, 1014 (7th Cir. 2000) (cleaned up). As such, the Court applies Illinois law here.

The Seventh Circuit has consistently found that a "vacated judgment has no collateral estoppel or res judicata effect under Illinois law . . . ." *Pontarelli Limousine, Inc. v. City of Chicago*, 929 F.2d 339, 340 (7th Cir. 1991); *see also Jones*, 34 F.4th at 560 (reaffirming that collateral estoppel does not apply to vacated judgments under Illinois law); *Korczak v. Sedeman*, 427 F.3d 419, 422 (7th Cir. 2005) (a "vacated judgment is not a permissible basis for collateral estoppel" under Illinois law); *Salton, Inc. v. Philips Domestic Appliances & Pers. Care B.V.*, 391 F.3d 871, 881 (7th Cir. 2004) ("once a judgment is reversed it ceases to have collateral estoppel effect"); *United States v. Williams*, 904 F.2d 7, 8 (7th Cir. 1990) ("when a conviction is vacated, the effect is to nullify the judgment entirely and place the parties in the position of no trial having taken place at all"); *Simpson v. Motorists Mut. Ins. Co.*, 494 F.2d 850, 854 (7th Cir. 1974) (district court factual findings "a nullity" after reversal of that court's judgment); *Brisco v. Stinar*, 2020 WL 7027719, at *9 (N.D. Ill. Nov. 30, 2020) (vacated judgments have no preclusive effect under Illinois law); *Hill v. City of Chicago*, 2009 WL 174994, at *12 (N.D. Ill. Jan. 26, 2009) ("it is well-established under Illinois law that when a judgment is vacated, it ceases to have any preclusive

6

effect."). Accordingly, the Court finds that the trial and appellate courts' rulings regarding Plaintiff's motion to suppress are not relevant to establish collateral estoppel.

Plaintiff's Motion *in Limine* No. 1 is granted.

### B. Motion *in Limine* No. 2: Barring Evidence Regarding Defendants' Inability to Pay

Plaintiff's Motion *in Limine* No. 2 seeks to bar Defendants from introducing evidence they are unable to pay compensatory damages or punitive damages. Pl.s' Mots. *Limine* at 5.

Regarding compensatory damages, Plaintiff argues that any evidence of Defendants' inability to pay is irrelevant where, as here, Defendants are being indemnified. Plaintiff also claims such evidence is prejudicial, as the probative value is outweighed by the risk of unfair prejudice. Pl.s' Mots. *Limine* at 6. Defendants concede that evidence related to their inability to pay compensatory damages is irrelevant. Accordingly, the Court grants this aspect of Plaintiff's Motion *in Limine* No. 2.

As for punitive damages, Plaintiff contends that Defendants waived the right to raise inability to pay, as Defendants did not produce discovery related to this inability and failed to raise "inability-to-pay" as an affirmative defense. Pl.'s Mots. *Limine* at 5 (citing *Brandt v. Schal Assocs., Inc.*, 960 F.2d 640, 652 (7th Cir. 1992) and *Blackwell v. Simon*, 2020 WL 13682120, at *3 (W.D. Mich. Oct. 30, 2020)). The Court disagrees.

Generally, in calculating punitive damages, the financial status of the defendant is relevant. *Kemezy v. Peters*, 79 F.3d 33, 36 (7th Cir. 1996) ("The defendant who cannot pay a large award of punitive damages can point this out to the jury so that they will not waste their time and that of the bankruptcy courts by awarding an amount that exceeds his ability to pay"); *see also Bacerott v. Smetters*, 674 F. App'x 573, 575 (7th Cir. 2017) (same); *Leister v. Dovetail, Inc.*, 546 F.3d 875, 883 (7th Cir. 2008) ("the poorer the defendant, the lower the [punitive damages] can be set"). The issue here is whether Defendants, by their actions or inactions, have waived that ability. The Court finds they did not, and the two cases cited by Plaintiffs do not alter the Court's conclusion.

In *Brandt*, plaintiff's attorney was sanctioned under Federal Rule of Civil Procedure 11 after an extensive hearing. *Brandt*, 960 F.2d at 642. The attorney later argued he could not afford the sanction payment, claiming "Rule 11 sanctions should not be used to cause an attorney's financial ruin." *Id.* at 652. In rejecting that

7

argument, the Seventh Circuit stated that "[w]hile ability to pay may indeed be a legitimate consideration when imposing Rule 11 sanctions, [the attorney] specifically waived his ability to pay as a defense after wrangling with the defendants over the production of financial documents." *Id*. (cleaned up).

Here, there was no such "wrangling." As for the production of financial documents, Defendants note "the parties had an understanding and agreement that any such discovery as to the Defendants' financial condition would only take place after dispositive motion practice in this case." Defs.' Resp at 10. However, the Court denied Defendants' request to file dispositive motions, and no such motion practice occurred. R. 238, 247. After that ruling, according to Defendants, "Plaintiff took no steps to seek discovery about Defendants' financial condition, or to follow up on any prior discussions on that topic in any way." Defs.' Resp. at 11. Under these circumstances, Defendants are routinely allowed to introduce evidence of their financial condition. *See Wilbon v. Plovanich*, 2016 WL 3922906, at *3 (N.D. Ill. July 21, 2016) (defendants allowed to introduce evidence of financial condition where that evidence was not produced beforehand); *Betts v. City of Chicago, Ill.*, 784 F. Supp. 2d 1020, 1028 (N.D. Ill. 2011) (same); *Fox-Martin v. Cnty. of Cook*, 2010 WL 4136174, at *2 (N.D. Ill. Oct. 18, 2010) (same); *Hillard v. City of Chicago, Ill.*, 2010 WL 1664941, at *1 (N.D. Ill. Apr. 23, 2010) (same).

The last arrow in Plaintiff's quiver is that Defendants are barred because they failed to plead inability to pay as an affirmative defense. Pl.s' Mots. *Limine* at 6. Notably, the only case cited for that proposition, *Blackwell v. Simon*, 2020 WL 13682120, at *3 (W.D. Mich. Oct. 30, 2020), is an out-of-district case which, even if it had any persuasive value, is distinguishable. In *Blackwell*, a magistrate judge issued a report and recommendation (R&R) imposing monetary sanctions against two attorneys for frivolous pleadings. The attorneys filed objections to the R&R, which did not raise their inability to pay these sanctions. The District Judge denied the attorneys' objections. The attorneys then filed a motion for relief from the District Judge's order denying their objections, raising their inability to pay for the first time. As such, the District Judge found the argument waived. *Blackwell* does not resemble the circumstances here, and certainly does not stand for the proposition that "inability-to-pay" is an affirmative defense that must be raised prior to trial.

Plaintiff's Motion *in Limine* No. 2 is granted in part and denied in part.

### C.  Motion *in Limine* No. 3: Barring Evidence of Defendants' Commendations and Other Evidence of Good Character

Plaintiff's Motion *in Limine* No. 3 seeks to bar any evidence of Defendants' commendations and other evidence of good character. Defendants do not oppose the motion.

Plaintiff's Motion *in Limine* No. 3 is granted.

### D.  Motion *in Limine* No. 4: Barring Evidence Related to the Actions of Winnebago County Prosecutors

Plaintiff's Motion *in Limine* No. 4 seeks to bar evidence related to actions that Winnebago County prosecutors took in initiating criminal proceedings against Plaintiff. Specifically, Plaintiff seeks to bar the prosecutors' "decision to use Plaintiff's coerced confession to approve charges, establish probable cause, and obtain an indictment" to prevent Defendants from arguing that the prosecutors' decision to do so is "a superseding cause of Plaintiff's injuries." Pl.'s Mots. *Limine* at 8. Plaintiff claims that such an argument "is foreclosed as a matter of law by Supreme Court and Seventh Circuit precedents." *Id.* at 9 (citing *Manuel v. City of Joliet*, 137 S.Ct. 911 (2017) and *Scottsdale Ins. Co. v. Subscription Plus, Inc.*, 299 F.3d 618 (7th Cir. 2002)). Predictably, Defendants disagree.

"Section 1983 imposes liability on every official who 'subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" *Whitlock v. Brueggemann*, 682 F.3d 567, 582 (7th Cir. 2012). As the Seventh Circuit has explained, this provision must be "read against the background of tort liability." *Id.* In the context of tort liability, causation "includes two requirements: (1) the act must be the cause-in-fact of the injury, *i.e.,* the injury would not have occurred absent the conduct; and (2) the act must be the proximate cause, sometimes referred to as the legal cause, of the injury." *Id.* (cleaned up).

Defendants argue that, contrary to Plaintiff's speculation, Defendants will challenge the first requirement, *i.e.*, the notion that the Defendant Officers' misconduct was the cause-in-fact of Plaintiff's injuries. Defs.' Resp. at 12. To allow for this, evidence of the prosecutors' actions, submit Defendants, must be introduced so the Court may evaluate whether there was sufficient evidence to convict Plaintiff beyond that produced by the Defendant Officers' misconduct. To bar evidence of the prosecutors' actions, from Defendants' point of view, is to bar Defendants from a valid causation defense, unrelated to any claims of superseding cause. Turing to the second requirement, Defendants contend that Seventh Circuit precedent recognizes that a superseding cause in § 1983 cases exists "where the causal link between a police

officer's alleged misconduct and the victim's injury [is] broken [because] that police officer tells a prosecuting attorney before the trial about the alleged misconduct." Defs.' Resp. at 13 (quoting *Whitlock,* 682 F.3d at 583). The Court agrees. Plaintiff's argument to the contrary is incorrect as a matter of law.

Plaintiff's Motion *in Limine* No. 4 is denied.

### E.   Motion *in Limine* No. 5: Barring Prior Testimony of Lynn Hollingshed

Plaintiff's Motion *in Limine* No. 5 seeks to bar the prior testimony of Lynn Hollingshed (Hollingshed) from Plaintiff's probable cause hearing and criminal trial as inadmissible hearsay. Pl.'s Mots. *in Limine* at 11.

Rule 804(b) governs this issue and provides that prior testimony of an unavailable declarant is admissible if that testimony "was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one" and "is now offered against a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1). The parties agree that Hollingshed is unavailable and that his prior testimony "was given as a witness at a trial [or] hearing." Fed. R. Evid. 804(b)(1)(A). Thus, the question before the Court is whether Plaintiff had an adequate opportunity and similar motive to develop Hollingshed's prior testimony via cross-examination.

Plaintiff argues he did not have an adequate opportunity to cross-examine Hollingshed because there was "significant misconduct committed, of which Plaintiff (and his counsel) were unaware." Pl.'s Mots. *in Limine* at 12. Specifically, Plaintiff claims he was unaware (1) that Hollingshed was provided undisclosed consideration regarding a separate shooting he was involved in before cooperating for the State and (2) of Hollingshed's criminal record, his probationary status, and the fact that he was being investigated as a shooting suspect. Plaintiff posits that his lack of this information at the time of his trial prevented him from fully developing Hollingshed's testimony.

Defendants counter that it is not the content of the cross-examination that matters, but the motive to develop that the cross-examination:

> Plaintiff had both the need and the incentive to thoroughly cross-examine Hollingshed as Plaintiff was facing a substantial prison sentence if he were convicted of the murder of Arthur Castenada . . . [t]he fact that the State failed to disclose *Brady* material related to Hollingshed does not change the fact that Plaintiff had the motive and opportunity to cross examine Hollingshed and explore any bias that would undermine his credibility.

Defs.' Resp. at 17. The Court agrees with Defendants.

"Before a court can admit prior testimony under Rule 804(b)(1), it must find that the adverse party has a similar motive to develop the testimony by direct, cross, or redirect examination as it did when the testimony was originally given." *United States v. Reed*, 227 F.3d 763, 768 (7th Cir. 2000). As the Seventh Circuit has noted, "[w]hen considering whether this requirement has been met, courts look to the similarity of issues and the purpose for which the testimony was given." *Id.* Importantly, "the emphasis in this inquiry is upon the motive underlying the cross-examination rather than the actual exchange that took place." *United States v. McClellan*, 868 F.2d 210, 215 (7th Cir. 1989). The Court must focus "not on the extent of cross-examination at the former proceeding, but on whether the party's handling of the testimony was meaningful in light of the circumstances which prevailed when the former testimony was offered." *United States v. Pizarro*, 717 F.2d 336, 349 (7th Cir. 1983) (cleaned up).

Plaintiff's motive to develop Hollingshed's testimony via cross-examination was significant and is largely similar to Plaintiff's motive in this case. At the time of Hollingshed's testimony, Plaintiff was aware that Hollingshed had informed police that Plaintiff told him that Plaintiff committed the McDonald's shooting. Plaintiff was thus highly motivated to attack and undermine Hollingshed's credibility through cross-examination. That same motive exists here. True, Hollingshed's previous cross-examination would have transpired much differently had Plaintiff possessed all the information he does now. However, that does not change the ultimate fact that Plaintiff "had every reason back then to cast doubt on [Hollingshed's] testimony [because] . . . he was fighting for his liberty." *Gray v. City of Chicago*, 2023 WL 7092992, *6 (N.D. Ill. May 8, 2023) (prior testimony of deceased defendant officers admitted over plaintiff's objection that "he was unaware of their alleged misconduct at the time of the prior testimony, so he had no adequate opportunity to cross-examine them"); *see also McLellan*, 868 F.2d at 215 (prior testimony admissible where motive in both prior and present case was to undermine witness's credibility); *Volland-Golden v. City of Chicago*, 89 F. Supp. 3d 983, 991 (N.D. Ill. 2015) (same).

Plaintiff's Motion *in Limine* No. 5 is denied.

### F.   Motion *in Limine* No. 6: Barring Prior Bad Acts or Other Character Evidence

Plaintiff's Motion *in Limine* No. 6 seeks to bar any evidence of Plaintiff's prior bad acts and any character evidence related to Plaintiff. Defendants do not oppose the motion.

Plaintiff's Motion *in Limine* No. 6 is granted.

## II.     Defendants Bruce Scott and Steve Pirages' Motions *in Limine*

### A.     Motion *in Limine* No. 1: Barring Lay Opinion Testimony as to Coercion and Fabrication of Evidence

In Defendant Scott and Pirages' (Defendants) Motion *in Limine* No. 1, Defendants moves to bar any lay witnesses from opining on "whether any of the defendants' conduct was coercive, or whether any defendant fabricated evidence" pursuant to Rule 701.  R. 254, Exh. 7, Defs.' Mots. *in Limine*, at 1. Plaintiff objects to the extent that Defendants seek to bar all lay witnesses from testifying as to their personal knowledge and interactions with the Defendant Officers, as such testimony is relevant to Plaintiff's claims.

Generally, a lay witness may offer opinion testimony provided that the opinion is: (a) "rationally based on the perception of the witness;" (b) "helpful to a clear understanding of the witness's testimony or the determination of a fact at issue;" and (c) "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. This includes opinions that embrace the ultimate issues in the case. *United States v. Locke*, 643 F.3d 235, 239 (7th Cir. 2011). However, lay witness opinions on an ultimate issue are often unhelpful to the trier of fact. *Woods v. Amazon.com LLC.*, 2019 WL 2323874, at *19 (N.D. Ill. May 30, 2019).

Here, Defendants are not moving to bar all evidence that can be used to demonstrate coercion and the fabrication of evidence. Rather, Defendants seek to bar lay witnesses from providing a direct opinion and legal conclusion as to whether the Defendant Officers' actions were coercive and whether the Defendant Officers fabricated evidence. The Court agrees that such lay opinion testimony would be unhelpful to the Court.

Defendants' Motion *in Limine* No. 1 is granted.

### B.     Motion *in Limine* No. 2: Requesting Judicial Notice of Trial Court and Appellate Court Rulings and Collateral Estoppel

For the reasons set forth *supra* in I.A.2 and 3, Defendants' Motion *in Limine* No. 2 is denied.

### C.     Motion *in Limine* No. 3: Introduction of Prosecutorial Acts

For the reasons set forth *supra* in I.D, Defendants' Motion *in Limine* No. 3 is granted.

### D. Motion *in Limine* No. 4: Barring References to Other Litigation Involving Defendants

Defendants argue that references to other litigation involving the Defendant Officers and the City is not relevant. Plaintiff counters that evidence of the Defendant Officers' misconduct is relevant to his *Monell* claim and to the Defendant Officers' "intent, opportunity, preparation, and planning." R.257, Pl.s' Resp., at 4 (citing *Wilson v. City of Chicago*, 6 F.3d 1233, 1238 (7th Cir. 1993).

While this evidence may indeed be relevant to Plaintiff's claims, neither party has provided any details related to the other cases, such as the Defendant Officers that were involved, the allegations, or the ultimate outcomes. Without this information, the Court cannot determine the evidence's relevancy at this time.

The Court reserves its ruling on Defendants' Motion *in Limine* No. 4.

## III. Defendants John Pozzi and Robert Redmond's Motions *in Limine*

### A. Motion *in Limine* No. 1: Barring Evidence of Personnel or Disciplinary Records and any References to Other Litigation

Defendants John Pozzi and Robert Redmond (Defendants) move to bar "Evidence of Personnel or Disciplinary Records or any Other Civil Litigation." R. 254, Exh. 8, Defs.' Mots. *Limine*, at 1. Defendants state that during discovery, City of Rockford Police Department personnel records for the individually named defendants were produced, which contained "irrelevant personnel or other information," including dated disciplinary action taken against some of the Defendant [O]fficers." *Id.*

#### 1. Personnel and Disciplinary Records

Defendants argue that any disciplinary action taken against them is inadmissible under Federal Rule of Evidence Rule 608(b), as it constitutes the use of extrinsic evidence to prove specific instances of a witness's conduct for the purpose of attacking or supporting the witness's character for truthfulness. Defs.' Mots. *Limine* at 2. Defendants also maintain that evidence showing that any Defendant Officer was named in another unrelated civil lawsuit is irrelevant, and even if relevant, its prejudicial effect substantially outweighs its probative value under Federal Rule of Evidence 403. *Id.*

Plaintiff insists that Defendants' personnel and disciplinary records are admissible for two reasons: (1) the evidence is relevant to Plaintiff's *Monell* claim against the City (citing *Simmons v. City of Chicago*, 2017 WL 3704844 (N.D. Ill. Aug.

28, 2017); and (2) the evidence may be relevant to the credibility of witness testimony under Rule 608. Pl.s' Resp. at 6.

Rule 608 provides that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. R. 608(b). "The Court may, however, on cross-examination, allow them to be inquired into if they are probative of the character for the truthfulness or untruthfulness of the testifying witness." *Patterson v. City of Chicago*, 2017 WL 770991, at *3 (N.D. Ill. Feb. 28, 2017). Even if evidence is admissible under Rule 608, it may still be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

While the Court is inclined to agree with Defendants that this evidence is irrelevant as to the individual Defendant Officers, the evidence may be relevant to Plaintiff's *Monell* claim against the City. However, neither party has identified the alleged disciplinary action, the circumstances related to that action, or how that action relates to the conduct involved in this case. Without this information, the Court cannot determine the evidence's relevancy at this time.

### 2. References to Other Litigation

For the reasons set forth *supra* in II.D, the Court reserves its ruling on this issue.

The Court reserves its ruling on Defendants' Motion *in Limine* No. 1.

### B. Motion *in Limine* No. 2: Barring Expert Opinion Testimony of Dr. Richard Leo

Plaintiff disclosed Dr. Richard Leo (Dr. Leo) as a false confession expert, with Dr. Leo authoring a report that sets forth nine opinions. Defendants contend that Dr. Leo "should only be allowed to opine about general information regarding false confessions and the personal and situational characteristics associated with false confessions, and the application of that research to [Plaintiff's] confession." Defs.' Mots. *Limine* at 10. Specifically, Defendants argue that opinions 1, 2, 3, 5, 7, 8, and 9 should be barred, and that opinions 4 and 6 should be limited.

### 1. Legal Standard

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. Fed. R. Evid. 702; *Artis v. Santos*, 95 F. 4th 518, 525 (7th Cir. 2024). Rule

14

702 allows the admission of testimony by an expert—that is, someone with the requisite "knowledge, skill, experience, training, or education"— to help the trier of fact "understand the evidence or [ ] determine a fact in issue." Fed. R. Evid. 702. An expert witness is permitted to testify when (1) "the testimony is based on sufficient facts or data," (2) "the testimony is the product of reliable principles and methods," and (3) the expert has reliably applied "the principles and methods to the facts of the case." *Id.*

The district court serves as the gate-keeper who determines whether proffered expert testimony is reliable and relevant before accepting a witness as an expert. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). "[T]he key to the gate is not the ultimate correctness of the expert's conclusions," rather, "it is the soundness and care with which the expert arrived at her opinion[.]" *C.W. ex rel. Wood v. Textron, Inc.*, 807 F.3d 827, 834 (7th Cir. 2015) (cleaned up). Under Rule 702 and *Daubert*, the district court must "engage in a three-step analysis before admitting expert testimony. The court must determine (1) whether the witness is qualified; (2) whether the expert's methodology is scientifically reliable; and (3) whether the testimony will assist the trier of fact to understand the evidence or to determine a fact in issue." *EEOC v. AutoZone, Inc.*, 2022 WL 4596755, *13 (N.D. Ill. Sept. 30, 2022) (cleaned up). The focus of the district court's *Daubert* inquiry "must be solely on principles and methodology, not on the conclusions they generate." *Daubert*, 509 U.S. at 595. The expert's proponent bears the burden of proving by a preponderance of the evidence the expert's testimony satisfies Rule 702. *See United States v. Saunders*, 826 F.3d. 363, 368 (7th Cir. 2016). District courts have broad discretion in determining the admissibility of expert testimony. *Lapsley v. Xtek, Inc.*, 689 F. 3d 802, 810 (7th Cir. 2012).

As an initial matter, Defendants do not challenge Dr. Leo's qualifications to testify as a false confession expert in general. Nor do they specifically argue that his methodology is scientifically unreliable. Instead, Defendants urge the Court to limit Dr. Leo's testimony as did courts in two recent analogous cases: (1) *Olson v. Gomez*, 2024 WL 3455066 (N.D. Ill. July 18, 2024) and (2) *Brown v. City of Chicago*, 2023 WL 2561728 (N.D. Ill. Mar. 17, 2023). While these cases are not binding, the Court finds them instructive and will limit Dr. Leo's testimony as set forth below.

### 2. Opinion No. 1

[Plaintiff's] description of what occurred during his lengthy unrecorded interrogation on September 24-25, 1993 that led to his police-written statement is consistent with the empirical social science research on the types of interrogation techniques, methods, practices and effects that explain how and why innocent individuals are often moved to make and/or agree to false and unreliable confessions.

Defs.' Mots. *Limine* at 2. Defendants argue that the court in *Olson* found such an opinion "must be trimmed." *Olson*, 2024 WL 3455066 at *10. However, Defendants reliance on *Olson* is misplaced. Dr. Leo's opinion in *Olson* was that plaintiff's description of the events that "led to his confession statements fits with the empirical social science research on the types of interrogation techniques, methods, practices and effects that are associated with, increase the risk of, *and are known to cause false confessions. . . ." Id.* at 7 (emphasis added). The court found that "Dr. Leo offers no basis to conclude that the presence of any one or more interrogation practices 'causes' false confessions with any measure of consistency and so he cannot opine generally that they 'cause' false confessions or that they 'caused' a false confession in this case." *Id.* at 10. Here, however, Opinion No. 1 makes no mention of causation, and Dr. Leo is certainly free to identify the risk factors related to false confessions and acknowledge that those factors were present in Plaintiff's description of his interrogation. *See Brown*, 2023 WL 2561728, at *10 ("Dr. Leo may testify regarding the hallmark features of false confessions and how to identify them . . .").

The Court will thus not bar or otherwise limit Opinion No. 1.

### 3. Opinion No. 2

During the interrogation described by [Plaintiff] on September 24-25, 1993, Rockford police detectives incorporated and used techniques from the Reid method of interrogation . . . . In the scientific research community and published research literature, the Reid method of interrogation is believed by social scientists to lead to coerced and/or false statements, admissions and/or confessions in a significant number of criminal cases.

Defs.' Mots. *Limine* at 3. Defendants point to *Olson*, which barred Dr. Leo from offering this opinion, stating Dr. Leo offered "no factual foundation to support this sweeping conclusion, which again seeks to quantify (with adjectives rather than numbers) the coercive effect of various interrogation methods." *Olson*, 2024 WL 3455066 at *12. Plaintiff argues that such testimony is proper, as whether Defendants "used techniques with Mr. Horton that are linked to false confessions is

directly relevant to this Court's inquiry for liability and damages." R. 260, Pl.s' Resp., at 12.

In his expert report in this case, Dr. Leo cites to empirical research in support of his statement that there "is consensus in the scientific community about the Reid Method of interrogation and its effects." Pl.s' Resp., Exh. 2, Dr. Leo Report, at 29. Dr. Leo also cites to studies in support of the proposition "that Reid-based methods of interrogation can easily become psychologically coercive . . . [and] increase the risk of eliciting false confessions from the innocent, especially from psychologically vulnerable individuals like [Plaintiff]." *Id.* Therefore, unlike *Olson*, Dr. Leo has provided a factual foundation for the assertion that Reid techniques may lead to false confessions. Indeed, even Defendants' expert witness, Beth Mohr, concedes that "the Reid Method of interrogation can lead to false confessions, and this has been documented in a number of cases." Pl.s' Resp., Exh. 6, Mohr Report, at 18.

However, Dr. Leo does not offer any support for his opinion that the Reid method leads to false confessions "in a significant number of criminal cases." Therefore, Dr. Leo shall only testify as to what the Reid method is,[4] whether the Reid method has led to false confessions (with no quantitative adjectives), and whether, based on Plaintiff's description of his interrogation, the Reid method was used during Plaintiff's interrogation.

### 4.      Opinion No. 3

According to [Plaintiff's] description of his unrecorded interrogation on September 24-25, 1993 . . . Rockford police detectives' interrogation of him was guilt-presumptive, confirmatory and confession-driven. According to [Plaintiff's] description, the interrogation was structured to break down [Plaintiff's] denials of guilt and to incriminate him by pressuring and persuading him to agree with, and admit to, the detectives' pre-existing conclusion that he murdered Arthur Castaneda on September 18, 1993. The detectives' guilt-presumptive interrogation was not structured to assess the reliability of any information the detectives learned from [Plaintiff].

Defs.' Mots. *Limine* at 2. Defendants, citing *Olson* and *Brown*, argue that Dr. Leo is prohibited from testifying as to the Defendant Officers' "motivations or state of mind in conducting the investigation." *Olson*, 2024 WL 3455066 at *8; *see also Brown*, 2023 WL 2561728 at *10–11 (prohibiting Dr. Leo from testifying that the defendant officers' "unwavering presumption of [plaintiff's] guilt and confession-driven

---

[4]Defendants do not argue that the Court should bar Dr. Leo from characterizing the method of interrogation and therefore the Court expresses no opinion on the matter.

interrogation led to investigative bias, behavioral confirmation, and tunnel vision"). Plaintiffs disagree, arguing Dr. Leo's opinion that the Defendant Officers formed a premature presumption of Plaintiff's guilt is based on their objective and "specific actions." Pl.s' Resp. at 13.

The Court agrees with Defendants. While Dr. Leo may testify as to whether the Defendant Officers' interrogation techniques have been shown to lead to false confessions, he may not opine as to whether the Defendant Officers had presumed Plaintiff's guilt or sought to force him to admit to their pre-existing conclusions. Such testimony goes to the Defendant Officers' state of mind and motivations, which is speculative and beyond Dr. Leo's expertise. See *DePaepe v. GMC*, 141 F.3d 715, 720 ("the whole point of *Daubert* is that experts can't speculate").[5] Accordingly, the Court bars Opinion No. 3.

### 5. Opinion No. 4

> [Plaintiff's] account of what occurred during his lengthy unrecorded interrogation on September 24-25, 1993 . . . contains a description of interrogation techniques, methods, strategies and effects that have been shown by social science research to increase the risk of eliciting false and unreliable statements, admissions and/or confessions (i.e., situational risk factors) when misapplied to the innocent. According to [Plaintiff's] description, these include: lengthy interrogation, sleep deprivation, false evidence ploys, minimization, maximization, threats, and promises.

Defs.' Mots. *Limine* at 3. Defendants argue that Opinion No. 4 should be limited to "allow Dr. Leo to only opine about general information regarding false confessions and the personal and situational characteristics associated with false confessions, and the application of that research to Plaintiff's confession." *Id.* at 11. The Court finds that Opinion No. 4 is already so limited, and thus will not impose any further limitations.

---

[5]Plaintiff's argument that Defendants' expert, Mohr, also opines whether the interrogation was "guilt presumptive, confirmatory, and confession-driven" is unavailing. Mohr did not opine on Defendants' state of mind or motivations—she simply stated that there was "no evidence that detectives had decided [Plaintiff] was guilty." Mohr Report at 18.

### 6. Opinion No. 5

[Plaintiff's] description of his lengthy, unrecorded in-custody interrogation on September 24-25, 1993, contains numerous examples of extremely psychologically coercive interrogation techniques, methods and strategies that have been demonstrated to cause suspects to perceive that they have no meaningful choice but to comply with the demands and requests of their interrogators, and that are known to increase the risk of eliciting involuntary statements, admissions and/or confessions, especially from vulnerable individuals.

Defs.' Mots. *Limine* at 3. Defendants again cite to *Olson* and *Brown*, in which the courts prohibited Dr. Leo from testifying that plaintiff's interrogation was "extremely psychologically coercive." *Olson*, 2024 WL 3455066 at *11; *see also Brown*, 2023 WL 2561728 at *11–12 (finding that Dr. Leo's description of plaintiff's interrogation as "extremely physically and psychologically coercive" invaded the province of the factfinder.).

The Court agrees that Dr. Leo may not describe the interrogation techniques here as "extremely psychologically coercive." "This opinion does not help or assist the [factfinder] in determining whether the defendants employed coercive methods—it reaches that conclusion outright and is therefore inadmissible." *Olson*, 2024 WL 3455066 at *11. With regards to Opinion No. 5, Dr. Leo shall testify only as to the techniques present in Plaintiff's interrogation (as Plaintiff describes), the psychological effects of those techniques according to the research, and whether the research shows that those techniques have led to false confessions.

### 7. Opinion No. 6

[Plaintiff] was at a heightened risk for making and/or agreeing to involuntary and/or unreliable statements, admissions and/or confessions during his interrogation on September 16-17, 1991 due to his personality traits and characteristics (i.e., personal risk factors), specifically his youth and associated psychosocial immaturity at the time.

Defs.' Mots. *Limine* at 3. Defendants argue that Opinion No. 6 should be limited to "allow Dr. Leo to only opine about general information regarding false confessions and the personal and situational characteristics associated with false confessions, and the application of that research to Plaintiff's confession." *Id.* at 11. The Court finds that Opinion No. 6 is already so limited, and thus will not impose any further limitations.

19

### 8.    Opinion No. 7

> The lengthy and unrecorded interrogation on September 24-25, 1993 described by [Plaintiff] . . . involved multiple instances of police interrogation contamination (i.e., leaking and disclosing non-public case facts) and police interrogation scripting (pressuring and persuading the suspect to accept the police narrative of how and why the alleged crime occurred), which increased the risk that [Plaintiff's] police written confession statement, if false, would misleadingly appear to be detailed, accurate and self-corroborating.[6]

Defs.' Mots. *Limine* at 3–4. Defendants point out that in *Olson*, the court prohibited Dr. Leo from offering a similar opinion, namely that officers "scripted [Plaintiff's] confession statements, pressuring and persuading him to adopt a narrative that was consistent with the officers' theory of the case." *Olson*, 2024 WL 3455066 at *11 (cleaned up). *Olson* found this opinion went "to the truthfulness of [plaintiff's] confession . . . by concluding that the interrogation methods were coercive and resulted in [plaintiff] providing a false, scripted statement." *Id*. Plaintiff counters that this opinion is "merely an objective opinion based upon the record of this case." Pl.s' Resp. at 15.

The Court finds that Dr. Leo may testify, based on his knowledge and expertise, as to the generalities of police interrogation contamination, police interrogation scripting, and error insertion. In other words, Dr. Leo may explain what these techniques are and whether they have made "otherwise false confession statement[s] appear to be true." Dr. Leo Report at 50. However, Dr. Leo may not offer an opinion as to whether the Defendant Officers employed these techniques in this case. Such an opinion is based upon the conclusion that Plaintiff's confession is false and as such, "goes to an ultimate issue in the case and is therefore unduly prejudicial." *Olson*, 2024 WL 3455066 at *11.

---

[6]While not mentioned specifically in Opinion No. 7, Dr. Leo's report also includes a lengthy discussion of the "Error Insertion Trick, "in which the interrogator(s) initially inserts trivial errors into the confession statement, scratches out or corrects them, and then directs the suspect to initial each correction, as if the suspect had directed the corrections and edited them rather than the police interrogator." Dr. Leo's Report at 49.

### 9. Opinion No. 8

> [Plaintiff's] interrogation-induced confession statement on September 24-25, 1993 bears numerous indicia of a false and unreliable confession, including many factual and logical errors, and no indicia of reliability. If false, [Plaintiff's] confession statement is properly classified as a coerced-compliant confession.

Defs.' Mots. *Limine* at 4. Defendants cite to *Olson*, where the court prohibited Dr. Leo from testifying that plaintiff's statements met the criteria for a "proven false confession because that was a disputed issue, and thus inappropriately purported to resolve fact disputes in the case." *Id.* at 8.

Defendants' citation to *Olson* is misplaced. While the Court will bar Dr. Leo from testifying that Plaintiff's confession is a "proven false confession," *infra* at III.B.11, that issue is not present in Opinion No. 8. Rather, through Opinion No. 8, Dr. Leo seeks to testify that Plaintiff's confession statement is "inconsistent with and contradicted by numerous other case facts, logic, and evidence," and that there "is no reliable evidence linking [Plaintiff] to the murder of Arthur Castaneda . . . ." Dr. Leo Report at 44.

*Brown* is instructive. In *Brown*, the court prohibited Dr. Leo from testifying about: (1) "the reliability or unreliability of any of the confessions or other evidence;" (2) "whether the parties' various versions of the events in this case are credible;" and (3) "how the confessions of [plaintiff] . . . compare with the other evidence of the crime." *Brown*, 2023 WL 2561728 at *11. The court found that such expert testimony "improperly usurps the role of the jury." *Id.* The Court agrees with *Brown* and adopts the aforementioned limitations. *See also Caine v. Burge*, 2013 WL 1966381, at *3 (N.D. Ill. May 10, 2013) (prohibiting Dr. Leo from testifying that plaintiff's confessions were unreliable).

The Court will allow Dr. Leo to explain the different categories of false confessions, such as "coerced-compliant." However, Dr. Leo may not opine as to how Plaintiff's confession should be classified, as such an opinion presumes that the Defendant Officers coerced Plaintiff's false confession, which is a question for the factfinder.

### 10. Opinion No. 9

> The lengthy unrecorded interrogation on September 24-25, 1993 described by [Plaintiff], and confirmed in part by the testimony of officers involved in the interrogation, violated numerous universally accepted police investigative and interrogation national training standards, police protocols and commonly accepted best practices that existed in 1993.

Defs.' Mots. *Limine* at 4. Defendants, relying on *Olson* and *Brown*, move to bar Opinion No. 9. Both cases prohibited Dr. Leo from offering such testimony, finding that he "is not qualified to opine on national policing standards and whether the defendants . . . complied with those standards." *Olson*, 2024 WL 3455066 at *12 (cleaned up); *see also Brown*, 2023 WL 2561728 at *9 (opinions regarding national police practices "exceed Dr. Leo's expertise."). Plaintiff disagrees, arguing that Dr. Leo has "the qualifications to testify about police interrogation practice" and that he should be allowed to testify "about how police are trained in the interrogation context and whether the interrogators' actions violated standards and training." Pl.s' Resp. at 16–17. The Court agrees with Defendants.

While Dr. Leo's qualifications "could support a finding that Dr. Leo has knowledge and expertise concerning *best* practices for interrogation," they "would not necessarily establish that he is an expert concerning *actual* national police practices . . . . " *Brown*, 2023 WL 2561728 at *9 (emphasis in original). As the court in *Olson* stated,

> [Dr. Leo] provides no basis in the section of his expert report titled "*Violation of National Police Interrogation Training Standards*," to support his assertion that police departments, across the board in [1993], adhered to the standards he describes (*e.g.*, not interrogating an individual for more than four hours, not contaminating suspect responses with non-public information, avoiding promises of leniency). Dr. Leo's reference to the "Reid and Associates police interrogation training manual" does not change this conclusion. Dr. Leo certainly has experience and specialized knowledge about the Reid method, but that does not warrant the secondary conclusion that the Reid manual represented the national standard in [1993] . . . Dr. Leo may not opine on whether the defendants complied with nationally accepted police practices in conducting the interrogation of [plaintiff].

*Olson*, 2024 WL 3455066 at *12 (cleaned up). Accordingly, Dr. Leo is barred from offering Opinion No. 9.

### 11. Dr. Leo's Opinion that Plaintiff's Confession is a "Proven False Confession"

Although not mentioned in Dr. Leo's enumerated opinions, Plaintiff states that "Dr. Leo also intends to testify that [Plaintiff's] confession is a 'proven false confession,' a term of art that Dr. Leo and a fellow researcher coined in 1998." Pl.s' Resp. at 10.

*Olson* is instructive here:

Dr. Leo may not opine that [plaintiff's] statement is a proven false confession. Though the Court recognizes that this is purportedly a term of art, developed by Dr. Leo and Richard Ofshe, to describe disputed confessions which can be classified as proven beyond any doubt to be false, the parties do not agree that [plaintiff's] confession has been "proven beyond any doubt to be false . . . Therefore, Dr. Leo's application of that term is inconsistent with his own methodology and inappropriately purports to resolve fact disputes in this case.

*Olson*, 2024 WL 3455066 at *10. Like *Olson*, the Court finds that Dr. Leo's testimony that Plaintiff's confession is a "proven false confession" improperly usurps the role of the factfinder. Although it is true that this is a bench trial, greatly lessening, if not eliminating, the potential prejudice of such testimony, the Court must still ensure that Dr. Leo does not encroach on its role as fact finder. Accordingly, Dr. Leo is barred from testifying that Plaintiff's confession constitutes a "proven false confession."

Defendants' Motion *in Limine* No. 2 is granted in part and denied in part.

## IV. City of Rockford's Motions *in Limine*

### A. Motion *in Limine* No. 1: Barring Lay Opinion Testimony as to Plaintiff's Guilt or Innocence

In the City's Motion *in Limine* No. 1, it moves to bar any lay witness from opining on Plaintiff's guilt or innocence for the murder of Arthur Castenada, pursuant to Rule 701. R.254, Exh. 10, Def.'s Mots. *Limine*, at 1. Plaintiff agrees that lay opinion testimony regarding Plaintiff's innocence is inadmissible. R.257, Exh. 4, Pl.s' Resp., at 6. However, Plaintiff argues the City's request sweeps too broadly, as it would preclude individuals with personal knowledge of Plaintiff's innocence from such testimony, even if such a witness was an eyewitness. For example, the City's request would prohibit Clifton English from testifying that he is the true killer and would prevent Lynn Hollingshed from testifying that Plaintiff never confessed to him. *Id*. at 7. Plaintiff further asserts that the Seventh Circuit has held that barring evidence of

23

the plaintiff's innocence amounts to reversible error. *Id.* (citing *Parish v. City of Elkhart, Ind.,* 702 F.3d 997 (7th Cir. 2012)).

Recall that Federal Rule of Evidence 701 restricts lay witnesses to providing opinions which are: (a) "rationally based on the perception of the witnesses;" (b) "helpful to a clear understanding of the witness's testimony or the determination of a fact at issue;" and (c) are "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. The City is not asking to bar all evidence that can be used to demonstrate Plaintiff's innocence. Rather, the City seeks to bar lay witnesses from providing a direct opinion as to Plaintiff's innocence. Accordingly, for the reasons explained *supra* in II.A, the Court finds any such lay opinion testimony unhelpful.

The City's Motion *in Limine* No. 1 is granted.

### B. Barring Evidence Regarding Issuance of Certificate of Innocence

In its Motion *in Limine* No. 2, the City moves to bar any evidence, comment, statement or reference relating to the issuance of a COI to the Plaintiff. Def.s' Mots. *Limine* at 2-4. The City contends the issuance of the COI is irrelevant to any of Plaintiff's claims and should be barred.

The Illinois statute governing the issuance of a COI provides that a person whose criminal conviction is set aside may seek a COI from the court that convicted him. 735 ILCS 5/2-702(g). To obtain the COI, "a petitioner must prove by a preponderance of the evidence that (1) he was convicted of a felony, (2) the conviction was reversed or vacated or was unconstitutional, (3) he is innocent of the offenses charged, and (4) he did not bring about his own conviction." *Kluppelberg v. Burge*, 84 F. Supp. 3d 741, 743 (N.D. Ill. 2015) (citing 735 ILCS 5/2-702(g)).

The question before the Court is whether the COI is relevant. Evidence is relevant if "it has any tendency to make a fact more or less probable that it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The City concedes that courts in this District have found a COI relevant where the plaintiff asserts a state malicious prosecution claim, as the COI may be relevant to whether the underlying criminal case has been resolved in the plaintiff's favor. *Id.* at 3 (citing *Patrick v, City of Chicago*, 974 F.3d 824 (7th Cir. 2020) and *Brown v. City of Chicago*, 2023 WL 2640317 (N.D. Ill. Aug. 13, 2024)). The City asserts that because Plaintiff has not set forth a state malicious prosecution claim, the COI is irrelevant. Alternatively, the City posits that any probative value the COI may have is

24

outweighed by the prejudice it would impose on the Defendant Officers. Def.s' Mots. *Limine* at 3-4.

Plaintiff counters that the COI is relevant because he has asserted a "malicious prosecution claim under Federal Law," i.e., a federal claim for "Deprivation of Liberty without Probable Cause" under the Fourth and Fourteenth Amendments. Pl.s' Resp. at 7. Therefore, argues Plaintiff, the COI is relevant because he is required to prove favorable termination of the underlying criminal proceedings. *Id*. The Court agrees and finds that the COI is relevant to Plaintiff's Deprivation of Liberty without Probable Cause," claim.

Having determined the COI to be relevant, the Court also finds that Rule 403 does not render the COI inadmissible. This is a bench trial, and the Court is confident that it will not give undue weight to the COI. *See Brown v. City of Chicago*, 2023 WL 2640317, *6 (N.D. Ill. March 22, 2023) (admitting COI over relevance and unduly prejudicial arguments); *United States v. Shukri*, 207 F.3d 412, 419 (7th Cir. 2000) ("In a bench trial, we assume that the district court was not influenced by evidence improperly brought before it unless there is evidence to the contrary.").

The City's Motion *in Limine* No. 2 is denied.

## V.     Defendant Linda Forrester as Special Administrator of the Estate of Howard Forrester's Motion *in Limine*

Defendant Linda Forrester as Special Administrator of the Estate of Howard Forrester (the Estate) seeks to bar certain statements and actions attributed to detectives Howard Forrester (Forrester), Bruce Scott (Scott), and other unnamed individuals during Plaintiff's 1993 interrogation. R.254, Exh. 11, Estate Mot. *Limine*, at 1. Plaintiff alleges that Forrester made several coercive statements during his interrogation.[7] Am. Compl. ¶¶ 49, 51, 54, 62. Plaintiff also alleges that Forrester engaged in intimidating and coercive behavior during the interrogation, including placing a chair on Plaintiff's foot and stepping on it. *Id*. ¶¶ 52–54, 62; Estate Mot. *Limine*, Exh. 2, ¶ 8.

Forrester is unavailable to testify, as he passed away on November 10, 2010. Estate Mot. *Limine* at 3. Therefore, his statements and actions according to the Estate, should be barred as they constitute inadmissible hearsay: "[Plaintiff] cannot seek to admit the statements of Detective Forrester as a party admission pursuant to

---

[7]During Plaintiff's deposition, Plaintiff wavered as to whether Forrester or Scott made these statements. However, the Estate's motion and Plaintiff's response both proceed as if Forrester made these statements. Therefore, this Court evaluates whether the statements, as made by Forrester, are admissible.

F.R.E. 801(d)(2) since he is not a party and the alleged statements cannot be admitted against his estate." *Id*. at 4. (citing *Huff v. White Motor Corp.*, 609 F.2D 286, 289-91 (7th Cir. 1979)). The Estate also contends that the statements and conduct are unfairly prejudicial, and risk confusing the issues and misleading the fact finder.

Plaintiff disagrees, arguing there are several avenues of admissibility for Forrester's statements: (1) Forrester's statements are admissible against Defendants Scott, Pirages, Pozzi, Redmond, and the City under Rule 801(d)(2); (2) Forrester's statements are admissible against the Estate as a party-opponent admission under Rule 801(d)(2); (3) Forrester's statements are admissible under Rule 807, the residual hearsay exception; and (4) Forrester's statements are admissible under Rule 804(b)(3)(A) as statements against interest. R.259, Pl.s' Resp., at 3–8.

## A.     Forrester's Statements are Admissible Against the City of Rockford

Plaintiff argues that Forrester's statements "are admissible against all co-defendants under [Rule] 801(d)(2)" and cites two cases in support: (1) *Javier v. City of Milwaukee*, 2008 WL 2412980 (E.D. Wis. June 12, 2008) and (2) *Todd v. City of Chicago*, 28 F.Supp. 2d 1062 (N.D. Ill. 1998). Pl.s' Resp. at 2. Rule 801(d)(2) has numerous subparts, and Plaintiff fails to identify which subpart provides for the admission of Forrester's statements. *See* Fed. R. Evid. 801(d)(2)(A)–(E). The two cases cited by the Plaintiff—*Javier* and *Todd*—address Rule 801(d)(2)(D). As such, the Court construes this aspect of Plaintiff's argument as asserting Forrester's statements are admissible under Rule 801(d)(2)(D).

The Court disagrees. As demonstrated in *Javier* and *Todd*, Rule 801(d)(2)(D) allows Forrester's statements to be admitted against the City, but it does not allow those statements to be admitted against the Defendant Officers.

Rule 801(d)(2)(D), provides that a statement is not hearsay if it "is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Fed. R. Evid. 801(d)(2)(D). The courts in *Javier* and *Todd* addressed the same question: whether the statements made by a defendant officer prior to his death were admissible against the city for which he worked under Rule 801(d)(2)(D). Both cases found the decedent officers' statements admissible against the cities of Milwaukee and Chicago respectively, because the decedent officers made the statements as agents or servants of their cities; concerning a matter within the scope of the decedent officers' employment for those cities; and while the officers were

26

employed by those cities. *See Javier*, 2008 WL 2412980 at \*6 ("[Decedent officer's] prior statements fall under Rule 801(d)(2)(D) as admissions against the City because of [his] status as an employee of the City."); *Todd*, 28 F. Supp. 2d at 1064 ("Fed. R. Evid. 801(d)(2)(D) renders [decedent officer's] statements admissible against City as nonhearsay . . .").

There is no dispute whether Forrester was working for the City of Rockford at the time his statements were made. These statements are also particularly relevant to Plaintiff's *Monell* claim against the City and their probative value outweighs any Rule 403 concerns. Accordingly, the Court finds Forrester's statements admissible against the City as nonhearsay under Rule 801(d)(2)(D).

### B. Forrester's Statements are Inadmissible Against Defendants Scott, Pirages, Pozzi, Redmond

Plaintiff also argues that Forrester's statements are admissible against the other Defendant Officers under Rule 801(d)(2). Again, Plaintiff does not cite to a specific sub-part of Rule 801(d)(2) to support this argument. However, as Plaintiff characterizes the Defendant Officers as "co-conspirators," the Court construes Plaintiff's argument as asserting Forrester's statements are admissible under Rule 801(d)(2)(E). The Court disagrees.

Pursuant to 801(d)(2)(E), a statement is not hearsay "if offered against an opposing party and . . . was made by the party's co-conspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E);[8] *see also United States v. Cardena*, 842 F.3d 959, 993 (7th Cir. 2016). Co-conspirator statements under 801(d)(2)(E) "are admissible against a defendant if the trial judge finds by a preponderance of the evidence that (1) a conspiracy existed, (2) the defendant and the declarant were involved in the conspiracy, and (3) the statements were made during and in furtherance of the conspiracy." *United States v. Davis*, 845 F.3d 282, 286 (7th Cir. 2016). "In the Seventh Circuit, district courts may make a preliminary ruling on the admissibility of co-conspirator statements based on the plaintiff's pretrial proffer of evidence, known as a *Santiago* proffer." *Kraft Foods Glob., Inc. v. United Egg Producers, Inc.*, 2023 WL 6065308, at \*5 (N.D. Ill. Sept. 18, 2023). "The proponent faces a "relatively low burden of proof," and "need only summarize the evidence that

---

[8]The co-conspirator exception to the hearsay rule applies to both civil and criminal cases. *See United States v. Gil*, 604 F.2d 546, 549 (7th Cir. 1979).

it expects to adduce at trial in order to establish that a conspiracy existed." *Id*. (citing *United States v. Shah*, 2023 WL 22140, at \*2 (N.D. Ill. 2023)).

Plaintiff has made no such proffer of evidence here. Plaintiff makes only a cursory argument that the Defendant Officers are co-conspirators and fails to meaningfully engage the above factors. The Court will not do so on Plaintiff's behalf. Accordingly, Forrester's statements are inadmissible against the remaining Defendant Officers under Rule 801(d)(2)(E).

### C. Forrester's Statements are Inadmissible against the Estate as an Opposing Party Statement under Rule 801(d)(2)

The Estate argues that Seventh Circuit law precludes a decedent's statements from being admitted against his estate as a party admission pursuant to Rule 801(d)(2). Estate Mot. *in Limine* at 4. In support, the Estate cites *Huff v. White Motor Corp.*, 609 F.2d 286 (7th Cir. 1979), which found that the statements of a decedent "are to be tested for admissibility [against his estate] under the residual exception . . . rather than under the admissions provision, Rule 801(d)(2)." *Huff*, 609 F.2d at 290–91. Plaintiff, citing several out-of-circuit cases, asserts "the admissibility of admissions by decedents against their estate is far from settled." Pl.s' Resp. at 5. The Court agrees with the Estate.

While Plaintiff is correct that courts have addressed this issue differently with varying results, Seventh Circuit law is clear: statements of a decedents that is offered against that decedents' estate "are within the definition of hearsay . . . and are not among the specifically defined kinds of admissions that . . . are hearsay [under] Rule 801(d)(2)." *Huff*, 609 F.2d at 291. And although Plaintiff addresses *Huff*, Plaintiff fails to meaningfully distinguish that case from the present circumstances. To the extent Plaintiff invites the Court to disregard well-settled Seventh Circuit precedent, the Court declines the invitation as this Court must follow such precedent. *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) (district judges must follow the decisions of the Seventh Circuit). Accordingly, Forrester's statements are inadmissible against the Estate as an opposing party's statement under Rule 801(d)(2).

### D. Forrester's Statements are Inadmissible under Rule 807, the Residual Exception

Plaintiff argues that Forrester's statements are admissible under Rule 807, the residual exception.[9] Pl.'s Resp. at 6.

The residual exception doctrine provides that "[a] proponent of hearsay evidence must establish five elements in order to satisfy Rule 807: (1) circumstantial guarantees of trustworthiness; (2) materiality; (3) probative value; (4) the interests of justice; and (5) notice." *United States v. Moore*, 824 F.3d 620, 622 (7th Cir. 2016). "Congress intended that the residual exceptions be used sparingly; although trial judges are given considerable discretion in evaluating hearsay offered thereunder, that discretion is tempered by the requirement that the exception be reserved for exceptional cases." *Doe v. United States*, 976 F.2d 1071, 1074 (7th Cir. 1992) (cleaned up).

Plaintiff argues that his allegations have sufficient guarantees of trustworthiness, pointing to his personal knowledge of these statements and his consistent testimony regarding these statements. The Estate disagrees, calling Plaintiff's allegations "inherently unreliable." Estate Mot. *Limine* at 4.

"[T]he reliability of the witness' testimony that the hearsay statement was in fact made is not a factor to be considered in deciding its admissibility." *Huff*, 609 F.2d at 293. Rather, the Court must assess "the trustworthiness of the hearsay statement itself," because, unlike a witness who reports the hearsay, a hearsay declarant cannot be cross-examined. *Id*. Indeed, each factor the Seventh Circuit has instructed lower courts to consider in assessing trustworthiness relate specifically to the declarant: (1) "the probable motivation of the declarant in making the statement;" (2) "the circumstances under which it was made;" (3) "the knowledge and qualifications of the declarant;" (4) "the character of the declarant for truthfulness and honesty and the availability of evidence on the issue;" (5) "whether the testimony was given voluntarily, under oath, subject to cross examination and a penalty for perjury;" (6) the extent to which the witness' testimony reflects his personal knowledge;" (7) "whether the witness ever recanted his testimony;" and (8) "whether the declarant's statement was insufficiently corroborated." *United States v. Hall*, 165 F.3d 1095, 1110 (7th Cir. 1999).

---

[9]The Estate does not address whether Forrester's statements are admissible pursuant to Rule 807.

As the proponent of Forrester's statements, the burden is on Plaintiff to address the above factors. While Plaintiff has addressed the trustworthiness of his allegations regarding Forrester's statements, Plaintiff has failed to address any of the remaining factors as they relate to Forrester himself. Accordingly, the Court must find that Forrester's statements are inadmissible under Rule 807.

## E. Forrester's Statements are Inadmissible under Rule 804(b)(3)

Last, Plaintiff argues that Forrester's statements are admissible under Rule 804(b)(3)(A), which provides that and out-of-court statement is admissible for its truth if:

> [A] reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability.

Fed. R. Evid, 804(b)(3)(A). Plaintiff asserts that Forrester's statements are admissible because the statements were so contrary to his own interests, they exposed him to civil (and potential criminal) liability. Pl.s' Resp. at 8.

Plaintiff's argument is underdeveloped and only addresses the admissibility of Forrester's statements under Rule 804(b)(3)(A). In the Seventh Circuit, Rule 804(b)(3)(B) also applies to civil cases. *Am. Auto. Accessories, Inc. v. Fishman*, 175 F.3d 534, 541 (7th Cir. 1999); *see also Pursley v. City of Rockford*, 2024 WL 1050242, at *4 n.3 (N.D. Ill. Mar. 11, 2024) ("[T]he Seventh Circuit has held that Rule 804(b)(3)(B) applies [to civil cases]. It appears the Seventh Circuit is alone in this regard. That the Seventh Circuit is alone in this regard is of no moment to a district court in the Seventh Circuit.").

Rule 804(b)(3)(B) provides that any alleged statement against interest must be "supported by corroborating circumstances that clearly indicate its trustworthiness after considering the totality of circumstances under which it was made and any evidence that supports or undermines it." Fed. R. Evid. 804(b)(3)(B). As the Court has already noted, Plaintiff has not put forth proper argument as to the trustworthiness of Forrester's statements. Accordingly, the Court finds that Forrester's statements are inadmissible under Rule 804(b)(3).

## F.    Detective Forrester's Actions are Admissible

Plaintiff has also alleged that Forrester engaged in intimidating and coercive behavior during the interrogation, including placing a chair on Plaintiff's foot and stepping on it, causing Plaintiff significant pain. Am. Compl. ¶¶ 52–54, 62; Estate Mot. *Limine*, Exh. 2, ¶ 8.

The Estate first argues that Forrester's alleged conduct is inadmissible because Plaintiff "repeatedly waived his opportunity to raise those allegations for decades, and only brought them up in the Motion to Suppress filed in 2017, long after Forrester's death." The Estate cites no authority for this proposition. The Court need not address such "perfunctory and undeveloped arguments, as well as arguments that are unsupported by pertinent authority." *Rock Hemp Corp. v. Dunn*, 51 F.4th 693, 704 (7th Cir. 2022) (quoting *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021)).

The Estate also contends that Forrester's alleged conduct is inadmissible under Rule 403, noting the inconsistency of Plaintiff's allegations, claiming they "are inherently unreliable and risk misleading the factfinder and prejudicing the defendants." Estate Mot. *Limine* at 4. Plaintiff's counter that the alleged conduct's "probative value and materiality to Plaintiff's claims is not substantially outweighed by these factors." Pl.s' Resp. at 8–9.

The Court agrees with Plaintiff. Forrester's alleged conduct is highly probative of Plaintiff's claims. As for the Estate's Rule 403 concerns, this is a bench trial, and the Court is confident that it will not be improperly influenced. *Reynoso v. Sarno*, 2022 WL 22891532, at *1 (N.D. Ill. May 25, 2022) ("[T]he concerns of Rule 403 during a bench trial carry significantly less weight because there is a presumption that the court is not improperly influenced by the evidence brought before it.") (cleaned up). The Estate's arguments are more appropriately directed towards the weight the Court should assign to the alleged conduct as opposed to its admissibility. Accordingly, the Court finds Forrester's alleged conduct admissible.

The Estate's motion *in limine* is granted in part and denied in part.

## VI.    Defendants' Exhibit Nos. 1–28

In their list of exhibits Defendants intend to introduce at trial, Defendants listed Defendants' Exhibit Nos. 1–28 (the exhibits). These exhibits consist of various police reports and third-party statements to police. *See* R. 254, Exh. 2, Defs.' Exh. Chart. Plaintiff objected to these exhibits, asserting that any testimony regarding statements within these exhibits was inadmissible hearsay. At the December 19,

31

2024 Pretrial Conference, Defendants argued the exhibits are admissible because they intend to introduce testimony regarding statements within these exhibits not for their truth, but only for their effect on the listener, *i.e.* to explain why officers took certain steps in investigating the case (citing *Woods v. City of Chicago,* 234 F.3d 979 (7th Cir. 2000) and (2) *Cairel v. Alderden,* 821 F.3d 823 (7th Cir. 2016). The Court agrees that so long as Defendants offer the statements made in the exhibits, not for their truth, but to show their effect on the investigating officers, the statements are admissible.

Generally, an out-of-court statement is hearsay if it is offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801 (c)(2). "Whether a statement is hearsay and, in turn, inadmissible will most often hinge on the purpose for which it is offered." *United States v. Linwood,* 142 F.3d 418, 425 (7th Cir. 1998). "Statements introduced to show their effect on the listener, rather than the truth of the matter they assert, are not hearsay." *Torry v. City of Chicago*, 932 F.3d 579, 585 (7th Cir. 2019). The cases cited by Defendants illustrate this point.

In *Wood*, the Seventh Circuit affirmed the district court's consideration of statements contained within an arrest report and misdemeanor complaint where "the defendants offered the statements in the arrest report and the verified criminal complaint . . . not for their truth, but to show the effect that the statements had on the officers," stating:

> The district court considered the statements strictly to determine the effect that they would have upon the arresting officers when communicated to them by a presumptively reliable citizen. Thus, the district court did not run afoul of the prohibition on hearsay by considering these documents for this limited purpose.

*Wood*, 234 F. 3d at 986–87.

In *Cairel*, the Seventh Circuit reaffirmed this approach, finding the district court's consideration of defendant officers' police reports, which included "defendants' own observations and those of eyewitnesses," appropriate, stating:

> To the extent the officers reported statements made by others . . . those statements were not hearsay because they were not offered to prove that they were true. The statements . . . were offered instead to show the officers had information giving them probable cause to arrest plaintiffs, as well as to explain how they perceived [the plaintiff] during the interrogation and to show what information they passed on to prosecutors.

*Cairel*, 821 F.3d at 830 (citing *Wood*, 234 F. 3d at 986–87) (cleaned up).

Accordingly, the Court will consider any statements made in Defendants' Exhibit Nos. 1–28 not for their truth, but for the limited purpose of determining the

effect they would have upon the investigating officers when communicated to them. *Wood*, 234 F. 3d at 987.

## VII.   Exhibits

The Court's rulings on the parties' exhibit and deposition designation objections that are currently before the Court are contained in the charts attached as Exhibits 1 and 2.

Even if the Court has ruled that an exhibit is relevant and admissible, the parties must introduce the exhibits into evidence during witness examinations at trial.

The Court expects the parties to have tested the courtroom technology prior to the start of trial and will not allow for delays caused by technical issues. If the parties need instruction on the courtroom display technology equipment, please visit: https://www.ilnd.uscourts.gov/Pages.aspx?page=CourtRoomTechnology         and/or contact Alexander Zeier, the Courtroom Technology Administrator, to schedule a WebEx training session. Mr. Zeier can be reached at (312) 435-6045 or alexander_zeier@ilnd.uscourts.gov.

As stated in the Court's Standing Order Governing Bench Trials, unless both parties agree, no exhibits will be shown during opening statements.

Dated: 12/30/2024

United States District Judge
Franklin U. Valderrama

# EXHIBIT 1

35

**Defendants' Objections to Plaintiff's Proposed Exhibits**

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 1 | 6/3/2021 | | Mike Arduino Deposition and Exhibits | May be used to refresh the witness's recollection (FRE 612) and may be used for impeachment purposes (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. Plaintiff indicates the exhibit is only offered to refresh recollection or for impeachment and not as substantive evidence. "A document doesn't have to be admissible as substantive evidence in order to be used for . . . impeaching a witness (or refreshing his recollection)." *Pecoraro v. Walls*, 286 F.3d 439, 444 (7th Cir. 2002). |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 2 | 9/23/1993 | RPD004048-4055 | Mike Arduino Police Report | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 3 | 9/24/1993 | RPD000437-439 | Witness Statement of Larry Horton | May be used to refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 4 | | RPD000478 | Witness Statement of Heather Domino | May be used to refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 5 | 10/14/2020 | | Tammy Buresh English Deposition and Exhibits | May be used to refresh the witness's recollection (FRE 612) and may be used for impeachment purposes (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 6 | | RPD000278-281 | Police Report re: Tammy Buresh | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 7 | 9/25/1993 | PLAINTIFF 003193 | Tammy Buresh Witness Statement | May be used to refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 8 | 9/28/1993 | PLAINTIFF 008964-8967 | Tammy Buresh Witness Statement | May be used to refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 9 | 9/28/1993 | PLAINTIFF 006619-6627 | Transcript of Recorded Conversation with Tammy Buresh & Clifton English | May be used to refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 10 | 9/29/1993 | RPD004074-4075 | Police Report re: Tammy Buresh | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 11 | 6/8/1995 | RPD000346 | Letter from Clifton English | May be used to refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 12 | 6/8/1995 | RPD004098-4101 | Police Report re: Letter from Clifton English | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 13 | 8/30/1995 | PLAINTIFF 001638-1640 | Affidavit of David Ekedahl & Howard Forrester with Supplemental Report | May be used to refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 14 | 4/24/1998 | PLAINTIFF 006596 | Tammy English Statement | May be used to refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 15 | 7/9/2013 | PLAINTIFF 001814-1816 | Affidavit of Molly Wyler | May be used to refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 16 | 10/31/2018 | Court File 004482-4483; 4616-4740 | COI Hearing Testimony of Tammy English | May be used to refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 17 | 11/12/2020 | | Tyrone Davidson Deposition and Exhibits | May be used to refresh the witness's recollection (FRE 612) and may be used for impeachment purposes (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 18 | 10/13/2020 | | Denise M. Murray Deposition and Exhibits | May be used to refresh the witness's recollection (FRE 612) and may be used for impeachment purposes (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 19 | 9/23/1993 | RPD000470-473 | Witness Statement of Denise Murray, nee Davis | May be used to refresh the witness's recollection (FRE 612) and may be used for impeachment purposes (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 20 | 10/13/1993 | RPD000447-469 | Grand Jury Testimony of Denise Murray, nee Davis | May be used to refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 21 | 3/16/1995 | Court File 000947-948, 1033, 1062-1096 | Trial Testimony of Denise Murray, nee Davis | May be used to refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 22 | 4/20/1994 | RPD000474-476 | Report of Investigation re: Denise Murray, nee Davis | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 23 | 11/17 & 11/19 2020 | | Clifton English Deposition and Exhibits | May be used to refresh the witness's recollection (FRE 612) and may be used for impeachment purposes (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 24 | 10/30/2017 | English Ex. 1 | Clifton English Testimony | May be used to refresh the witness's recollection (FRE 612) and may be used for impeachment purposes (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 25 | 10/30/2017 | Court File 004217-4314 | Clifton English Testimony | May be used to refresh the witness's recollection (FRE 612) and may be used for impeachment purposes (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 26 | 3/20/1995 | RPD000914-937 | Clifton English Testimony | May be used to refresh the witness's recollection (FRE 612) and may be used for impeachment purposes (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 27 | | English Ex. 3 | Photograph | Photo of Clifton English, may be used for identification (FRE 901), to aid in testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---------|------|-------------|-------------|-----------|------------------------|--------|
| 28 | 9/24/1993 | RPD000352-356 | Police Report re: Clifton English | May be used for identification (FRE 901), to aid in testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 29 | 9/24/1993 | RPD001650-51 | Miranda Waiver – Clifton English | May be used for identification (FRE 901), to aid in testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

50

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 30 | 9/27/1993 | RPD000791-801 | Police Report re: Crime Stopper | May be used for identification (FRE 901), to aid in testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 31 | 12/12/1993 | PLAINTIFF 009023-25 | Newspaper Articles | May be used for identification (FRE 901), to aid in testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 32 | 5/4/1995 | RPD000863-865 | Clifton English NAACP Complaint Form | May be used for identification (FRE 901), to aid in testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 33 | 8/24/1995 | RPD000867-868 | Clifton English Affidavit | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 34 | 8/30/2003 | RPD000875 | Letter from Clifton English | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 35 | 10/29/2008 | PLAINTIFF 006565-66 | IDOC Investigative Interview | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 36 | 2/19/2013 | RPD000886-901 | Clifton English Affidavit | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 37 | 2/15/2017 | RPD000906 | Letter from Clifton English | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

54

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 38 | 10/28/1998 | RPD006140-6154 | Pro Se Post Conviction Petition | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 39 | 1/11/1999 | PLAINTIFF 008035-8055 | Memorandum of Law ISO Petition for Post Conviction Relief | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 40 | 2/14/2006 | English Ex. 21 | Letter from Clifton English | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 41 | | RPD000865 | Letter from Clifton English | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 42 | 6/20/1995 | RPD004102 | Tammy English Witness Statement | May be used for identification (FRE 901), to aid in testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 43 | 9/29/1993 | PLAINTIFF 008989-8991 | Clifton English Statement | May be used for identification (FRE 901), to aid in testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 44 | 10/5/1993 | RPD000250-251 | Police Report re: Toyota | May be used for identification (FRE 901), to aid in testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 45 | 6/14/1995 | PLAINTIFF 011886-87, 12006-13 | Clifton English Statement to Court | May be used for identification (FRE 901), to aid in testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 46 | 8/8/1995 | RPD000869-871 | Clifton English Affidavit | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 47 | 11/19/2008 | RPD000881 | Clifton English Affidavit | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 48 | 12/15/2021 | | Rich Gambini Deposition and Exhibits | May be used to refresh recollection (FRE 612) and/or for impeachment (FRE 613) regarding | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 49 | 9/19/1993 | RPD000574-579 | Police Report by Pitz | May be used for identification (FRE 901), to aid in testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 50 | 9/19/1993 | Court File 003564-3582 | Police Report by Scott | Admission by party (FRE 801), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | No objection. | |
| 51 | 9/23/1993 | RPD000051-58 | Police Report by Arduino | Admission by party (FRE 801), may be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | No objection. | |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 52 | | RPD004213-4242 | 1993 Lynn Hollingshed Criminal Investigation Reports | Admission by party (FRE 801), identification (FRE) 901, aid in testimony (FRE 612), refresh recollection of the witness (FRE 612), impeachment (FRE 613) | No objection. | |
| 53 | | RPD001243-1269 | 1994 Lynn Hollingshed Criminal Investigation Reports | Admission by party (FRE 801), may be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection (FRE 612) and/or impeachment (FRE 613) | No objection. | |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 54 | 9/23/1993 | RPD000753-755 | Police Report by Triolo | Admission by party (FRE 801), identification (FRE) 901, aid in testimony (FRE 612), refresh recollection of the witness (FRE 612), impeachment (FRE 613) | No objection. | |
| 55 | 9/24/1993 | RPD004068-4073 | Police Report by Schmidt | Admission by party (FRE 801), may be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection (FRE 612) and/or impeachment (FRE 613) | No objection. | |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 56 | | PLAINTIFF 008731-8733; 8741-43; 8771-8773; 8780-8000; 8862; 8867; 8876-8914; 8926; 8943-44; 8978-88 | Police Reports re: Bombay Murder by Gambini | Admission by party (FRE 801), identification (FRE) 901, aid in testimony (FRE 612), refresh recollection of the witness (FRE 612), impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 57 | 9/24/1993 | RPD000756 | Police Report | Admission by party (FRE 801), may be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 58 | 12/10/2021 | | Theo Glover Deposition and Exhibits | May be used to refresh the witness's recollection (FRE 612) and may be used for impeachment purposes (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 59 | | RPD000938-1202 | Lynn Hollingshed Court Documents | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

65

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 60 | | RPD012091-12202 | Robert Redmond IA File | Admission by party (FRE 801), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Objection. *See* Defendant Pozzi's Motion *in Limine* 1. | Deferred |
| 61 | 8/29/1993 | RPD004219-4226 | Police Report re: Shooting at Albert Ave. & School Street and Desmond Taylor | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

Case: 1:18-cv-06829 Document #: 272 Filed: 12/30/24 Page 67 of 202 PageID #:7045

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 62 | 2/23/2021 | | Paul Hackerson Deposition and Exhibits | May be used to refresh the witness's recollection (FRE 612) and may be used for impeachment purposes (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 63 | 3/14/1994 | Exoneration Project Subpoena Response 000386-388 | Interview of Mary Casey | Admission by party (FRE 801), may be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 64 | 9/20/1993 | RPD002156-57; RPD000095 | Witness Statement of Mary Casey | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 65 | 4/20/1994 | Exoneration Project Subpoena Response 000389-391 | Interview of Denise Davis | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 66 | 2/23/1994 | Exoneration Project Subpoena Response 000396-97 | Interview of Kristina Sholes | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 67 | 3/14/1994 | Exoneration Project Subpoena Response 000398-399 | Interview of Jacqueline Warner | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 68 | 9/19/1993 | RPD000759-760 | Witness Statement of Jacqueline Warner | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | No objection. | |
| 69 | 3/24/1994 | Exoneration Project Subpoena Response 000392-93 | Interview of Alan Harrington | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---------|------|-------------|-------------|-----------|------------------------|--------|
| 70 | 9/19/1993 | RPD000428-429 | Witness Statement of Alan Harrington | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612), impeachment (FRE 613) | No objection. | |
| 71 | 3/14/1994 | Exoneration Project Subpoena Response 000394-95 | Interview of Patrick Kenny | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

71

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 72 | 9/20/1993 | RPD002195 | Witness Statement of Patrick Kenny | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | No objection. | |
| 73 | 5/4/1994 | Exoneration Project Subpoena Response 000400-402 | Interview of Michelle Jackson | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 74 | 3/20/1995 | RPD000033-34 | Witness Statement of Michelle Jackson | May be used for identification (FRE) 901, aid in testimony (FRE 612), refresh recollection of the witness (FRE 612), impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 75 | 9/20/1993 | RPD000492 | Witness Statement of Michelle Jackson | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | No objection. | |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 76 | 5/6/2013 | RPD002447-48 | Affidavit of Paul Hackerson | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 77 | 8/30/1995 | PLAINTIFF 006105 | Affidavit of Paul Hackerson | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 78 | 8/24/1995 | PLAINTIFF 006107-08 | Affidavit of Clifton English | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 79 | 8/8/1995 | PLAINTIFF 006109-6111 | Affidavit of Clifton English | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 80 | 6/7/1994 | Exoneration Project Subpoena Response 000384-85 | Interview of William (Willie) Taylor | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 81 | 6/3/1998 | RPD000336 | Affidavit of Denise Davis | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---------|------|-------------|-------------|-----------|------------------------|--------|
| 82 | 12/16/2020 | | Lisa Hamilton Deposition and Exhibits | May be used to refresh the witness's recollection (FRE 612) and may be used for impeachment purposes (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 83 | 3/14/1995 | RPD000783 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 84 | | | Carl Hobson Deposition and Exhibits | May be used to refresh the witness's recollection (FRE 612) and may be used for impeachment purposes (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 85 | 9/23/1993 | RPD003979-3981 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---------|------|-------------|-------------|-----------|------------------------|--------|
| 86 | 9/23/1993 | RPD001402-03 | Witness Statement of Carl LaRone Hobson | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | No objection. | |
| 87 | 10/20/1995 | Hobson Ex. 3 | Carl Hobson Testimony | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 88 | | RPD003308-3326 | Exhibit A to Affidavit - Lynn Hollingshed Testimony | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 89 | 9/24/1993 | RPD003327-3328 | Exhibit B to Affidavit - Lynn Hollingshed Witness Statement | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 90 | 10/7/2020 | | Dawn Horn Deposition and Exhibits | May be used to refresh the witness's recollection (FRE 612) and may be used for impeachment purposes (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 91 | 5/10/2013 | RPD001404-1446 | Affidavit of Dawn Horn with Exhibits | May be used to refresh the witness's recollection (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---------|------|-------------|-------------|-----------|------------------------|--------|
| 92 | | PLAINTIFF 001372 | Photos of gun and home | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | No objection. | |
| 93 | 9/24/1993 | PLAINTIFF 011205 | Miranda Waiver - John Horton | May be used to aid in testimony regarding the coerced, fabricated confession extracted from Plaintiff (FRE 612) and/or impeachment (FRE 613) | No objection. | |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 94 | 9/25/1993 | PLAINTIFF 010972-75 | Statement of John Horton | May be used to aid in testimony regarding the coerced, fabricated confession extracted from Plaintiff (FRE 612) and/or impeachment (FRE 613) | No objection. | |
| 95 | | RPD002162 | Diagram by John Horton | May be used to aid in testimony regarding the coerced, fabricated confession extracted from Plaintiff (FRE 612) and/or impeachment (FRE 613) | No objection. | |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 96 | 9/20/1993 | J. Horton Ex. 11 | Article - Gunman Shoots 1 at Mac's - Register Star | May be used to refresh the witness's recollection (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 97 | 9/25/1993 | RPD00369-371 | Witness Statement of Melissa Pappas | May be used to refresh the witness's recollection (FRE 612) and/or impeachment (FRE 613) | No objection. | |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 98 | 7/16/2013 | PLAINTIFF 001708-1742 | Affidavit of Melissa Pappas with Exhibits | May be used to refresh the witness's recollection (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 99 | 2/16/2021 | | Larry Horton Deposition and Exhibits | May be used to refresh the witness's recollection (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 100 | 6/18/2021 | | Dominic Iasparro Deposition and Exhibits | May be used to refresh the witness's recollection (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 101 | 6/30/1994 | PLAINTIFF 003482-3513 | Motion to Suppress Testimony | May be used to refresh the witness's recollection (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 102 | 9/24/1993 | RPD002691-2695 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 103 | 11/9/2020 | | Michelle Jackson Frison Deposition and Exhibits | May be used to refresh the witness's recollection (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 104 | | RPD003817-20 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 105 | | RPD000235-239 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 106 | 9/23/1993 | RPD004008-11 | Police Report | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 107 | 9/23/1993 | RPD000224-225 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 108 | 2/14/1995 | RPD000489-91 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 109 | 3/20/1995 | RPD000031-32 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 110 | 3/20/1995 | Jackson Ex. 9 | Jury Trial Testimony | May be used to refresh recollection (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 111 | 3/21/1995 | Jackson Ex. 10 | Jury Trial Testimony | May be used to refresh recollection (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 112 | | RPD014620, 14635, 14637 | Photos of Howard Forrester, Bruce Scott, and Unknown | Photos officers involved in investigation of the murder of the murder of Arthur Castenada and circumstances surrounding Plaintiff's wrongful conviction | Irrelevant, Rule 401. | Deferred. |
| 113 | 8/19/2021 | | Clint Kellett Deposition and Exhibits | May be used to refresh the witness's recollection (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 114 | 9/24/1993 | Court File 003559-63 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 115 | 9/25/1993 | RPD004420-23 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 116 | 9/24/1993 | RPD004003-07 | Documentation of 9/25-9/26/93 Interview with Tammy Buresh English | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 117 | 10/31/2018 | Court File 4482-83; 4675-4681 | COI Hearing Testimony of Clint Kellett | May be used to refresh the witness's recollection (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 118 | 3/29/2023 | | Beth Mohr Deposition (Expert) | May be used to refresh the expert witness' recollection (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 119 | | Mohr Ex. 2 | Beth Mohr CV | May be used to refresh the expert witness's recollection and aid in her testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 120 | | Mohr Ex. 3 | List of Documents Sent to Beth Mohr | May be used to refresh the expert witness's recollection and aid in her testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 121 | | Mohr Ex. 4 | Rockford Police Department General Orders and Procedures | Sets forth department policies; relied upon by plaintiff's experts. Relevant to punitive damages; Policy and Procedure, impeachment, partyadmission, F.R.E. 803(8)(a) | Irrelevant, Rule 401. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 122 | 8/8/2001 | City of Rockford_004849-57 | Rockford Police Department General Order - Rights of Arrested Persons | Sets forth departments' policies and was relied upon by plaintiff's expert, relevant also to establish punitive damages; Policy and Procedure, impeachment, party admission, F.R.E. 803(8)(a) | Irrelevant, Rule 401. | Deferred. |
| 123 | | Mohr Ex. 6 | The McHard Firm Flier (2020) | May be used to refresh the expert witness's recollection and aid in her testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 124 | 12/4/2022 | Mohr Ex. 7 | Expert Report of Beth Mohr, *US v. Bhula* | May be used to refresh the expert witness's recollection and aid in her testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 125 | 1/17/2023 | Mohr Ex. 8 | Invoice 2737 | May be used to refresh the expert witness's recollection and aid in her testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 126 | 1/30/2023 | Mohr Ex. 9 | Invoice 2748 | May be used to refresh the expert witness's recollection and aid in her testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 127 | 1/17/2023 | Mohr Ex. 10 | Retainer Form | May be used to refresh the expert witness's recollection and aid in her testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 128 | 1/30/2023 | Mohr Ex. 11 | Retainer Statement | May be used to refresh the expert witness's recollection and aid in her testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 129 | March/April 2023 | Mohr Ex. 14 | Understanding and Preventing False Confessions, Beth Mohr Article | May be used to refresh the expert witness's recollection and aid in her testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 130 | | RPD001691-1694 | Memorandum of Decision Petition for Certificate of Innocence (Unsigned) | May be used to refresh the expert witness's recollection and aid in her testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 131 | 8/2/2013 | PLAINTIFF 001438-69 | Affidavit of Angela Hobson with Exhibits | May be used to refresh the expert witness's recollection and aid in her testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 132 | 2/3/2016 | PLAINTIFF 001585-92 | Dorsie Jones Affidavit | May be used to refresh the expert witness's recollection and aid in her testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 133 | 3/4/2013 | PLAINTIFF 001593-95 | Dr. James E. Tiller Affidavit | May be used to refresh the expert witness's recollection and aid in her testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 134 | 7/18/2013 | PLAINTIFF 001596-1604 | Dr. Christina M. Ward, M.D. Affidavit with Exhibits | May be used to refresh the expert witness's recollection and aid in her testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 135 | 2/19/2013 | PLAINTIFF 001519-34 | Clifton English Affidavit with Exhibits | May be used to refresh the expert witness's recollection and aid in her testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 136 | 4/29/2013 | PLAINTIFF 001605-1637 | Heather Rodriguez Affidavit with Exhibits | May be used to refresh the expert witness's recollection and aid in her testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 137 | 5/1/2013 | PLAINTIFF 001470-1506 | Carl Hobson Affidavit with Exhibits | May be used to refresh the expert witness's recollection and aid in her testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 138 | 11/16/2012 | PLAINTIFF 001695-1704 | Kristina Elswick, nee Sholes Declaration with Exhibits | May be used to refresh the expert witness's recollection and aid in her testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 139 | 12/6/2012 | PLAINTIFF 145-147 | Tory Taylor Affidavit | May be used to refresh the expert witness's recollection and aid in her testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 140 | 4/1/2004 | Mohr Ex. 29 | Reid - False Confession Cases - The Issues | May be used to refresh the expert witness's recollection and aid in her testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 141 | 6/1/2021 | Mohr Ex. 30 | Reid - False Confessions: The Issues to be Considered | May be used to refresh the expert witness's recollection and aid in her testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 142 | | RPD1270-1564 | Various Documents with Index (no bates on first page of index) | May be used to refresh the expert witness's recollection and aid in her testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 143 | | Mohr Ex. 32 | Document to Beth Mohr with Policies and General Orders (undated) | May be used to refresh the expert witness's recollection and aid in her testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 144 | | Mohr Ex. 33A | Diagram | May be used to refresh the expert witness's recollection and aid in her testimony (FRE 612) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 145 | 10/8/2020 | | Patricia Oellig Deposition and Exhibits | May be used to refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613), statement under oath (FRE 801) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 146 | 5/10/2013 | RPD003305-3338 | Affidavit of Patricia Oellig with Exhibits | May be used to refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 147 | 10/13/2020 | | Melissa Pappas Deposition and Exhibits | May be used to refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613), statement under oath (FRE 801) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 148 | 9/7/2021 | | Steve Pirages Deposition (inclusive of confidential portion) and Exhibits | Admission by party (FRE 801), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613), statement under oath (FRE 801) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 149 | 4/4/1986 | PLAINTIFF 009600-07 | Police Report re: Gambling Activity | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | Objection. *See* Defendant Pozzi's Motion *in Limine* 1. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 150 | 4/8/1986 | PLAINTIFF 009598 | Officer's Report ref: Complaint of Larry K. Stokes | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Objection. *See* Defendant Pozzi's Motion *in Limine* 1. | Deferred. |
| 151 | 9/7/1982 | RPD007717 (AEO) | Complaint by Edgar Dye | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Objection. *See* Defendant Pozzi's Motion *in Limine* 1. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 152 | 9/12/1988 | RPD007718 (AEO) | Complaint by Donald Gary | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Objection. *See* Defendant Pozzi's Motion *in Limine* 1. | Deferred. |
| 153 | 11/10/1979 | RPD007719 (AEO) | Complaint by William Hiatt | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Objection. *See* Defendant Pozzi's Motion *in Limine* 1. | Deferred. |

112

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 154 | 1/12/1979 | RPD007721 (AEO) | Complaint by Peter Savitski | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Objection. *See* Defendant Pozzi's Motion *in Limine* 1. | Deferred. |
| 155 | 9/21/1982 | RPD007773-80 (AEO) | Complaint by Edgar Dye | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Objection. *See* Defendant Pozzi's Motion *in Limine* 1. | Deferred. |

113

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 156 | 9/29/1988 | RPD007807-42 (AEO) | Complaint by Donald Gary | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Objection. *See* Defendant Pozzi's Motion *in Limine* 1. | Deferred. |
| 157 | 4/28/1978 | RPD007847-91 (AEO) | Complaint by James Bennett | May be used for identification (FRE) 901, aid in testimony (FRE 612), refresh recollection (FRE 612) and/or impeachment (FRE 613) | Objection. *See* Defendant Pozzi's Motion *in Limine* 1. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 158 | 1995 | RPD013485-13502 (AEO) | Pirages Performance Review | Admission by party (FRE 801), refresh recollection (FRE 612) and/or impeachment (FRE 613) | Objection. *See* Defendant Pozzi's Motion *in Limine* 1. | Deferred. |
| 159 | 1996 | RPD013503-13516 (AEO) | Pirages Performance Review | Admission by party (FRE 801), refresh recollection (FRE 612) and/or impeachment (FRE 613) | Objection. *See* Defendant Pozzi's Motion *in Limine* 1. | Deferred. |
| 160 | 1998 | RPD013533-13546 (AEO) | Pirages Performance Review | Admission by party (FRE 801), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Objection. *See* Defendant Pozzi's Motion *in Limine* 1. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 161 | 1999 | RPD013549-13562 (AEO) | Pirages Performance Review | Admission by party (FRE 801), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Objection. *See* Defendant Pozzi's Motion *in Limine* 1. | Deferred. |
| 162 | 2000 | RPD013565-13579 (AEO) | Pirages Performance Review | Admission by party (FRE 801), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Objection. *See* Defendant Pozzi's Motion *in Limine* 1. | Deferred. |
| 163 | 2001 | RPD013581-13594 (AEO) | Pirages Performance Review | Admission by party (FRE 801), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Objection. *See* Defendant Pozzi's Motion *in Limine* 1. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 164 | 6/24/2004 | PLAINTIFF 010848, RPD013752-79 (AEO), PLAINTIFF 010827-32 | Complaint re: Tiffany Erickson | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Objection. *See* Defendant Pozzi's Motion *in Limine* 1. | Deferred. |
| 165 | 4/14/1999 | RPD013332-33 (AEO) | Letter from Scott Salemi | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Objection. *See* Defendant Pozzi's Motion *in Limine* 1. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 166 | 9/19/1993 | RPD000574-579 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 167 | 9/19/1993 | RPD000748-751 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---------|------|-------------|-------------|-----------|------------------------|--------|
| 168 | 9/19/1993 | PLAINTIFF 604-607 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 169 | 9/19/1993 | PLAINTIFF 011017-18 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

119

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 170 | 9/19/1993 | PLAINTIFF 011075-78 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 171 | 9/29/1993 | RPD000244-247 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 172 | 2/8/1995 | PLAINTIFF 011508-10 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 173 | 8/18/1992 | PLAINTIFF 008741-43, 8748-50, 8757-58, 8764-70, 8802-23, 8954-57, 8978-88, 8993-94 | Police Reports re: Bombay Murder by Gambini | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 174 | 9/24/1993 & 10/31/2018 | RPD002162 | Diagram | May be used to refresh recollection (FRE 612), impeachment (FRE 613) regarding Plaintiff's wrongful conviction and the investigation into the murder of Castenada | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 175 | 3/20/1995 | RPD004089-90 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 176 | 9/24/1993 | RPD003986-90 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 177 | 1/6/2010 | RPD013394-95 (AEO) | Verbal Reprimand with Written Documentation | Refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Objection. *See* Defendant Pozzi's Motion *in Limine* 1. | Deferred. |

123

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 178 | 3/22/1994 | RPD014649-76 | Police Report re: Lynn Hollingshed | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 179 | 12/14/2021 | | John Pozzi Deposition and Exhibits | Admission by party (FRE 801), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613), statement under oath (FRE 801) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 180 | 9/10/1993 | RPD004229-39 | Police Report re: Alta and Edward Dawson | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 181 | 7/28/1998 | RPD002970-77 | *People v. Taylor,* Opinion | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 182 | | Pozzi Ex. 9 | Original File of Reports from Dawson Incident | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 183 | 8/20/2021 | | Robert Redmond Deposition and Exhibits | Admission by party (FRE 801), refresh recollection (FRE 612), impeachment (FRE 613), statement under oath (FRE 801) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 184 | 6/30/2004 | RPD013756-68 (AEO) | Police Officer Fit for Duty Evaluation | Admission by party (FRE 801), refresh recollection (FRE 612) and/or impeachment (FRE 613) | Objection. *See* Defendant Pozzi's Motion *in Limine* 1. | Deferred. |
| 185 | 6/30/1994 | Court File 000121-207 | Redmond Motion to Suppress Testimony | Admission by party (FRE 801), refresh recollection (FRE 612), and/or impeachment (FRE 613) | No objection. | |
| 186 | 3/17/1995 | Court File 001147-1471 | Redmond Jury Trial Testimony | Admission by party (FRE 801), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | No objection. | |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 187 | 10/31/2018 | Court File 002901-2952 | Redmond COI Testimony | Admission by party (FRE 801), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | No objection. | |
| 188 | 9/23/1993 | PLAINTIFF 011181-83 | Police Report | Identification (FRE) 901, aid in testimony (FRE 612), refresh recollection (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 189 | 6/4/2021 | | Mark Schmidt Deposition and Exhibits | May be used to refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613), statement under oath (FRE 801) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 190 | | RPD013256-83 (AEO) | Rockford Police Department Employee file | Refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Objection. *See* Defendant Pozzi's Motion *in Limine* 1. | Deferred. |

129

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 191 | | | Bruce Scott Deposition and Exhibits | Admission by party (FRE 801), refresh recollection (FRE 612), impeachment (FRE 613), statement under oath (FRE 801) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 192 | | RPD009410-35 (AEO) | Rockford Police Department Employee file | Admission by party (FRE 801), refresh recollection, (FRE 612) impeachment (FRE 613) | Objection. *See* Defendant Pozzi's Motion *in Limine* 1. | Deferred. |
| 193 | 10/31/2018 | Court File 004482-4483; 4548-4615 | B. Scott COI Testimony | Admission by party (FRE 801), refresh recollection (FRE 612) impeachment (FRE 613), statement under oath (FRE 801) | No objection. | |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 194 | 9/20/1993 | RPD004040-41 | Robert W. Heral Witness Statement | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613) | No objection. | |
| 195 | 6/8/1995 | RPD000340-342 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 196 | 2/9/1995 | RPD003995-97 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 197 | | | Dan Scott Deposition and Exhibits | May be used to refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613), statement under oath (FRE 801) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 198 | 9/24/1993 | RPD002693-95 | Police Report | Refresh recollection (FRE 612), impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 199 | 9/24/1993 | RPD003991 | Clifton English Miranda Waiver (with check marks) | Refresh recollection (FRE 612), impeachment (FRE 613) | No objection. | |
| 200 | 12/7/2020 | | Kristina Turner Sholes Elswick Deposition and Exhibits | Refresh recollection of the (FRE 612); impeachment (FRE 613), statement under oath (FRE 801) | Based on Plaintiff's stated intended use of this exhibit, any objection would be premature. Defendants reserve right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 201 | 9/27/1993 | RPD000367-368 | Kristina Sholes Witness Statement | May be used to refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Overruled. *See* Ruling on Pl.s' Exh. 1. |
| 202 | | RPD000728-743 | Greg Hanson Testimony | May be used to refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613), statement under oath (FRE 801) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 203 | 2/9/1995 | RPD000788-790 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 204 | 2/8/1995 | PLAINTIFF 008978-88 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 205 | 10/13/1993 | RPD000714-724 | Kristina Sholes Testimony | May be used to refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613), statement under oath (FRE 801) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 206 | | | Paul Triolo Deposition and Exhibits | May be used to refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613), statement under oath (FRE 801) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 207 | 9/20/1993 | RPD000044-45 | Donald Allemang Witness Statement | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 208 | 8/23/1993 | PLAINTIFF 011610-12 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 209 | 9/24/1993 | RPD000608-613 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 210 | 10/30/2020 | | Mary VanArsdale Deposition and Exhibits | May be used to refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613), statement under oath (FRE 801) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 211 | 3/13/1995 | RPD000785-786 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 212 | 3/14/1995 | RPD000787 | Mary VanArsdale Witness Statement | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---------|------|-------------|-------------|-----------|------------------------|--------|
| 213 | 3/4/2021 | | Garlyn Wilks Deposition and Exhibits | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613), statement under oath (FRE 801) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 214 | 3/30/2021 | | Garlyn Wilks Deposition and Exhibits | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613), statement under oath (FRE 801) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 215 | 9/24/1993 | RPD000506-510 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 216 | 9/28/1993 | RPD000494-495 | Garlyn Wilks Witness Statement | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---------|------|-------------|-------------|-----------|------------------------|--------|
| 217 | 6/7/1994 | RPD3965-67 | Police Report | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 218 | 6/9/1994 | RPD000493 | Dessie Mims Witness Statement | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 219 | 3/20/1995 | Court File 001318-19; 1411-1434 | Jury Trial Testimony | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613), statement under oath (FRE 801) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 220 | 3/20/1995 | Wilks Ex. 8 | Dessie Mims Testimony | May be used to refresh recollection of witness (FRE 612) and/or impeachment (FRE 613), statement under oath (FRE 801) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 221 | 3/23/1994 | PLAINTIFF 011760 | Garlyn Wilks Witness Statement | May be used for identification (FRE) 901, to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 222 | 6/26/2020 | | Defendant Officers' Answers to First Interrogatories Request | Admission by party (FRE 801), refresh recollection (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 223 | 6/26/2020 | | Defendant Officers' Answers to First Requests for Production | Admission by party (FRE 801), refresh recollection (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 224 | 8/31/2021 | | Defendant Lindmark's Answers to First Requests for Production | Admission by party (FRE 801), refresh recollection (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 225 | 8/31/2021 | | Defendant Lindmark's Supplemental Answers to First Interrogatories Request | Admission by party (FRE 801), refresh recollection (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 226 | 8/31/2021 | | Defendant Forrester's Answers to First Requests for Production | Admission by party (FRE 801), refresh recollection (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 227 | 8/31/2021 | | Defendant Forrester's Supplemental Answers to First Interrogatories Request | Admission by party (FRE 801), refresh recollection (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 228 | 4/8/2020 | | Defendant Officers' Answers to First Interrogatories Request | Admission by party (FRE 801), refresh recollection (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |

147

| Ex. No. | Date | Bates Range | Description | Relevance | Defendants' Objections | Ruling |
|---|---|---|---|---|---|---|
| 229 | 4/8/2020 | | Defendant Officers' Answers to First Requests for Production | Admission by party (FRE 801), refresh recollection (FRE 612) and/or impeachment (FRE 613) | Based on Plaintiff's stated intended use of this exhibit, any objection at this juncture would be premature. Defendants reserve the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Plaintiff as indicated. | Deferred. |
| 230 | 8/5/1994 | Court File 00300-382 | Howard Forrester Motion to Suppress Testimony | | No objection. | |

148

**Plaintiff's Objections to Defendants' Exhibit Chart**

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-1 | October 5, 1993 Report by Bruce Scott with exhibits. | RPD 002563-002581 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-2 | September 28, 1993 Police Report by Howard Forrester. | RPD 004008-004011 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-3 | September 28, 1993 Police Report by Robert Redmond. | RPD 003979-003981 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-4 | September 22, 1993 Police Report by Paul Triolo. | RPD 000748-000752 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-5 | September 22, 1993 Police Report by Greg Hanson. | RPD 000252-000255 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-6 | September 28, 1993 Police Report by Paul Arduino. | RPD 000051-000058 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-7 | September 28, 1993 Police Report by Charles McDonald. | RPD 000506-000510 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-8 | September 24, 1993 Police Report by J. Barton. | RPD 000627 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-9 | September 25, 1993 Police Report by J. Barton. | RPD 000065-000066 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-10 | October 1, 1993 Police Report by Mark Schmidt. | RPD 000608-000613 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-11 | September 28, 1993 Police Report by Paul Triolo. | RPD 000753-000755 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-12 | September 28, 1993 Police Report by Dan Scott. | RPD 000352-000356 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-13 | September 27, 1993 Police Report by Clint Kellett. | RPD 000278-000281 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-14 | October 5, 1993 Report by Bruce Scott. | RPD 004074-004075 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-15 | Robert Heral's September 20, 1993 Statement to Police. | RPD 000257-000258 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-16 | Alan Harrington's September 20, 1993 Statement to Police. | RPD 000428-000429 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-17 | Michelle Jackson's September 20, 1993 Statement to Police. | Plaintiff's 011773 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-18 | Cassandra Lewis's September 20, 1993 Statement to Police. | RPD 000497-000498 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |

155

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-19 | Eric Mead's September 20,1993 Statement to Police. | RPD 000504-000505 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-20 | Frances Nguyen's September 20, 1993 Statement to Police. | RPD 000565 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-21 | Michael Johnson's September 20,1993 Statement to Police. | RPD 000261 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-22 | Phyllis Heral's September 20, 1993 Statement to Police. | RPD 000256 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-23 | Jacqueline Warner's September 20, 1993 Statement to Police. | RPD 000759-000760 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-24 | Donald Allemang's September 20, 1993 Statement to Police. | RPD 000044-000045 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-25 | Mary Casey's September 20, 1993 Statement to Police. | RPD 002156-002157 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-26 | Denise Davis's September 23, 1993 Statement to Police. | RPD 002200-002203 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-27 | Carl Hobson's September 23, 1993 Statement to Police. | RPD 000445-000446 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |

158

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-28 | Heather Domino's September 23, 1993 Statement to Police. | RPD 000477 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-29 | Search Warrants of September 24, 1993 and Returns of September 27, 1993. | RPD 000623-000658 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-30 | John Horton's September 24, 1993 Rights Waivers Forms. | RPD 002163-002164 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | No objection. | |

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-31 | Lynn Hollingshed September 24, 1993 Statement to Police. | RPD 000372-000373 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-32 | Clifton "Buddy" English's September 24, 1993 Rights Waiver Form. | RPD 001650 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | No objection. | |
| D-33 | Tammy Buresh's September 25, 1993 Statement to Police. | RPD 000091 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-34 | Criminal Complaint and Warrant of Arrest for John Horton issued September 25, 1993. | Court File 000003-000005 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-35 | Larry Horton's September25, 1993 Statement to Police. | RPD 000437-000439 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-36 | Melissa Pappas's September 25, 1993 Statement to Police. | RPD 000369-000371 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred |

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-37 | Diagram of McDonald's with John Horton's markings September 24, 1993. | RPD 000208 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | No objection. | |
| D-38 | John Horton's September 25, 1993 Statement to Police. | RPD 002165-002168 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-39 | Garlyn Wilks' September 28, 1993 Statement to Police. | RPD 000494-000495 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-40 | Lynn Hollingshed October 13, 1993 Grand Jury testimony. | RPD 000374-000390 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Plaintiff objects. Hearsay, relevance, form, foundation. *See also* Plaintiff's Motion *in Limine* No. 5. Dckt. 250-4 at 11-13. | Overruled. |
| D-41 | Heather Domino's October 13, 1993 Grand Jury testimony. | RPD 000479-000488 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Plaintiff objects. Hearsay, relevance, form, foundation. | Deferred. |
| D-42 | Denise Davis's October 13, 1993 Grand Jury testimony. | RPD 011827-011845 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Plaintiff objects. Hearsay, relevance, form, foundation. | Deferred. |

163

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-43 | Bruce Scott's October 13, 1993 Grand Jury testimony. | RPD 011801-011826 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Plaintiff objects. Hearsay, relevance, form, foundation. | Deferred. |
| D-44 | Bill of Indictment against John Horton of October 13, 1993. | Court File 000001-000002 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | No objection. | |
| D-45 | Motion to Suppress John Horton's September 25, 1993 Statement to Police. | Court File 000046-000047 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest, coerced confession and wrongful conviction. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |

164

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-46 | Testimony at Motion to Suppress Statement Hearing on June 30, 1994 (Court file 000121-207). | Court File 000121-000207 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest, coerced confession and wrongful conviction. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-47 | Testimony at Motion to Suppress Statement Hearing on July 8, 1994 (Court file 000208-299). | Court File 000208-000299 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest, coerced confession and wrongful conviction. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-48 | Testimony at Motion to Suppress Statement Hearing on August 5, 1994 (Court file 000300-382). | Court File 000300-000382 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest, coerced confession and wrongful conviction. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-49 | Decision Denying Motion to Suppress John Horton's Statement on August 12, 1994 (Court file 000383-384). | Court File 000383-000388 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest, coerced confession and wrongful conviction. Collateral Estoppel. | Objection. Hearsay, relevance. *See also* Plaintiff's Motions *in Limine* No. 1 and 4. Dckt. 250-4 at 1-5, 8-11. | Sustained. |
| D-50 | Mary VanArsdale March 14, 1995 Statement to Police. | RPD 000787 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-51 | Lisa Horton f/k/a Hamilton's March 15, 1995 Statement to Police. | RPD 000784 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-52 | Robert Erdmann's March 16, 1995 testimony at John Horton's criminal trial. | Court File 001109-001121 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-53 | State's Motion in Limine to bar evidence of hearsay statements allegedly made by Clifton English filed March 13, 1995. | Court File 002231-002232 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction. | Objection. Hearsay, relevance. *See also* Plaintiff's Motions *in Limine* No. 1 and 4. Dckt. 250-4 at 1-5, 8-11. | Deferred. |
| D-54 | Decision granting State's Motion in Limine to bar evidence of hearsay statements allegedly made by Clifton English filed March 20, 1995. | Court File 001340-001348 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction. | Objection. Hearsay, relevance. *See also* Plaintiff's Motions *in Limine* No. 1 and 4. Dckt. 250-4 at 1-5, 8-11. | Sustained. *See supra* at I.A. |

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-55 | Clifton English's March 20, 1995 invocation of his 5th Amendment rights at John Horton's criminal trial. | Court File 001318-001339 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction. May be used for identification (FRE 901), to aid in testimony (FRE 612), refresh recollection of the witness (FRE 612) and/or impeachment (FRE 613). | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-56 | Robert Redmond's March 17, 1995 testimony at John Horton's criminal trial. | Court File 001147-001148; 001243-001308 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Objection: hearsay, relevance. | Deferred. |

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-57 | Robert Redmond's March 21, 1995 testimony at John Horton's criminal trial. | Court File 001472-001473; 001545-001561 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Objection: hearsay, relevance. | Deferred. |
| D-58 | Bruce Scott's March 21, 1995 testimony at John Horton's criminal trial. | Court File 001472; 001561-001565 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Objection: hearsay, relevance. | Deferred. |
| D-59 | Lynn Hollingshed March 17, 1995 testimony at John Horton's criminal trial. | Court File 001147-001148; 001186-001212 | Hollingshed an unavailable witness pursuant to Rule 804. May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction. | Objection: hearsay, relevance. *See also* Plaintiff's Motion *in Limine* No. 5. Dckt. 250-4 at 11-13. | Overruled. |

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-60 | Denise Davis's March 16, 1995 testimony at John Horton's criminal trial. | Court File 000947-000948; 001062-001096 | Davis potentially an unavailable witness pursuant to Rule 804. May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction. | Objection: hearsay, relevance. Witness was deposed in civil litigation. | Deferred |
| D-61 | Rule 23 Order 2nd Dist. App. Court of August 27, 1997. | Court File 002558-002586 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction. | Objection. Hearsay, relevance. *See also* Plaintiff's Motions *in Limine* No. 1 and 4. Dckt. 250-4 at 1-5, 8-11. | Sustained. *See supra* at I.A. |
| D-62 | Motion for New Trial in John Horton's criminal case filed April 21, 1995. | Court File 002416-002421 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-63 | Robert Redmond's Sworn Affidavit filed August 30, 1995. | Court File 002498-002501 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction. | Objection: Hearsay. | Deferred. |
| D-64 | David Ekedahl's and Howard Forrester's Sworn Affidavit filed August 30, 1995. | Court File 002504-002506 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction. | Objection: Hearsay. | Deferred. |
| D-65 | Motion for New Trial Based Upon Newly Discovered Evidence in John Horton's criminal case filed August 25, 1995. | Court File 001485-002491 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |

171

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-66 | Amended Motion for New Trial in John Horton's criminal case filed August 11, 1995. | Court File 002464-002469 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-67 | Decision Denying John Horton's Motions for New Trial of August 30, 1995. | Court File 001812-001894 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction. | Objection. Hearsay, relevance. *See also* Plaintiff's Motions *in Limine* No. 1 and 4. Dckt. 250-4 at 1-5, 8-11. | Sustained. *See supra* at I.A. |
| D-68 | Deposition Transcript of Dominic Iasparro. | N/A | Iasparro is an unavailable witness pursuant to Rule 804. May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction. | Objection. Hearsay and failure to comply with this Court's standing order.<br><br>Defendants did not designate portions of Mr. Iasparro's deposition in their pretrial materials. Dckt. 254-3. | Deferred. |

172

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|-----|-------------------------------|-------------|-----------|------------------------|--------|
| D-69 | August 29, 1993 Police Report by Getty. | RPD 004213-004218 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and Brady violation. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-70 | August 29, 1993 Police Report by John Pozzi. | RPD 004219-004228 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and Brady violation. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-71 | September 13, 1993 Police Report by John Pozzi. | RPD 004229-004238 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and Brady violation. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |

173

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-72 | December 13, 1993 Police Report by John Pozzi. | RPD 004239 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and Brady violation. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-73 | Deposition Transcript of Mark Karner. | N/A | Karner an unavailable witness pursuant to Rule 804. May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and Brady violation. | Plaintiff maintains the objections made in Defendants' designation chart that is being filed contemporaneously with this filing. | Deferred. |
| D-74 | State's Answer to Discovery in John Horton's criminal case filed November 1, 1993. | Court File 000032-000037 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and Brady violation. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-75 | State's Supplemental Answer to Discovery in John Horton's criminal case filed November 3, 1993. | Court File 000040 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and Brady violation. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-76 | Tory Taylor court record 94 CF 285. | Pl. 008685-008700 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and Brady violation. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-77 | Tory Taylor Criminal Case 94 CF 285. | RPD 002964-002977 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and Brady violation. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-78 | Deposition Transcript of Denise Davis n/k/a Denise Murray. | N/A | Davis potentially an unavailable witness pursuant to Rule 804. May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and fabrication of evidence. | Plaintiff maintains the objections made in Defendants' designation chart that is being filed contemporaneously with this filing. | Deferred. |
| D-79 | Plaintiff's appellate brief re: the denial of his Motion to Suppress. | Pl. 005572-005636 | Defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and fabrication of evidence. | Objection: hearsay, relevance. *See also* Plaintiff's Motion *in Limine* No. 4. Dckt. 250-4 at 8-11. | Deferred. |
| D-80 | State's appellate brief re: the denial of Plaintiff's Motion to Suppress. | Pl. 005664-005690 | Defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and fabrication of evidence. | Objection: hearsay, relevance. *See also* Plaintiff's Motion *in Limine* No. 4. Dckt. 250-4 at 8-11. | Deferred. |

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-81 | Post-Conviction Petition by John Horton filed June 20, 1998. | Court File 002588-002639 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and fabrication of evidence. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-82 | Post-Conviction Petition by John Horton filed July 28, 2003. | Court File 002650-002665 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and fabrication of evidence. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-83 | Post-Conviction Petition by John Horton filed October 7, 2003. | Court File 002684-002695 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and fabrication of evidence. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-84 | Post-Conviction Petition by John Horton filed September 12, 2013. | Court File 002955-002967 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and fabrication of evidence. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-85 | Motion for Leave to File Post Conviction Petition by John Horton filed September 12, 2013. | Court File 002979-003038 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and fabrication of evidence. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-86 | Supplemental Post-Conviction Petition by John Horton filed October 7, 2013. | Court File 003716-003723 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and fabrication of evidence. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-87 | Howard Forrester Obituary. | N/A | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and fabrication of evidence. | No objection. | |
| D-88 | Motion to Suppress Statement by John Horton filed June 1, 2017. | RPD 001219-001225 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and fabrication of evidence. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-89 | John Horton's testimony at the Hearing on his Petition for Certificate of Innocence on October 31, 2018. | Court File 004482-004546 | Statement of party opponent, may be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and fabrication of evidence. | No objection. | |

179

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-90 | Lynn Hollingshed Delinquency Petition filed August 10, 1993. | RPD 000970-000971 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and Brady violation. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-91 | Lynn Hollingshed Guilty Plea, Order of Adj., Order of Disp. and Order of Probation entered February 8, 1994. | RPD 000991-000994 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and Brady violation. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-92 | Police Reports and witness statements regarding a shooting incident on March 22, 1994 involving Lynn Hollingshed and Garlyn Wilks. | RPD 014649-014676 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and Brady violation. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-93 | Lynn Hollingshed Supplemental Delinquency Petition filed March 30, 1994. | RPD 000999-00100 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and Brady violation. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-94 | Lynn Hollingshed Petition to Revoke Probation filed April 19, 1994. | RPD 001016-001017 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and Brady violation. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-95 | Lynn Hollingshed Order of Disposition and Order of Probation entered May 3, 1994. | RPD 001150-001151 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and Brady violation. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |

181

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-96 | Lynn Hollingshed Juvenile Court Docket Case No. 93-J-54. | RPD 000961-000965 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and Brady violation. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-97 | Illinois State Police forensics reports | RPD 00016-000168; 000171; 000180-000183; 000194-000200 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-98 | Arthur Castenada's Clothing Photos | RPD 01460-014648 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-99 | Report Requests by the State's Attorney's Office | COR 1068-1072 | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and Brady violation. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. See also Plaintiff's Motion in Limine No. 4. Dckt. 250-4 at 8-11. | Deferred. |
| D-100 | Photos of Horton's gun, mug shot, search warrants, and other aspects of the investigation into the murder of Arthur Castaneda. | Plaintiff0 01370-001435 | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-101 | Expert Report by Mohr January 30, 2023 | N/A | Defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and fabrication of evidence. | Objection: Hearsay, relevance. | Deferred. |

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-102 | Demonstrative Exhibit Summarizing Investigation Timeline Day of Arthur Castaneda's Murder September 19, 1993 | N/A | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-103 | Demonstrative Exhibit Summarizing Timeline of Interview and Interrogation of John Horton September 24-25, 1993 | N/A | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-104 | Demonstrative Exhibit Summarizing Procedural History of Plaintiff's Underlying Criminal Prosecution, Post-Conviction Proceedings and Certificate of Innocence Petition | N/A | May be used in defense of Horton's claims including, but not limited to, his claims for wrongful arrest and conviction and fabrication of evidence. | Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |

| No. | Description of Exhibit and Date | Bates Range | Relevance | Plaintiff's Objections | Ruling |
|---|---|---|---|---|---|
| D-105 | Demonstrative Exhibit Summarizing Leads Followed by Rockford Police During Investigation of Murder of Arthur Castaneda | N/A | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Exhibit remains undisclosed. Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |
| D-106 | Demonstrative Exhibit of McDonald's Diagram with John Horton's Markings | N/A. | Chronology of investigation, good faith of detectives, probable cause, rebuts claims of fabrication of evidence, due process violations, conspiracy. | Exhibit remains undisclosed. Based on Defendant's stated intended use of this exhibit, any objection at this juncture would be premature. Plaintiff reserves the right to object as to relevance, foundation and/or hearsay as appropriate should the exhibit be utilized by Defendant as indicated. | Deferred. |

# EXHIBIT 2

**Defendants' Objections to Plaintiff's Designation Chart**

| Witness | Page/Line | Description | Relevance | Defendants' Objections and Counter-Designations | Ruling |
|---|---|---|---|---|---|
| **Mark Karner** | | | | | |
| | | | | 1:1-125:16<br><br>Mr. Karner's entire testimony is relevant as to his background and actions as lead trial prosecutor; the disclosure of evidence procedures in Plaintiff's criminal case; and to Plaintiff's due process and malicious prosecution claims. | |
| | 7:6-8:21 | Background of career | Background of trial prosecutor | No objection. | |
| | 8:24-9:8 | Background of career at Winnebago County SAO | Background of trial prosecutor | No objection. | |
| | 10:5-9, 12-13 | Background of career at Winn. Cnty. SAO | Background of trial prosecutor | No objection. | |

| | | | | |
|---|---|---|---|---|
| 10:22-24 | Background re: 1993 at Winnebago County SAO | Background of trial prosecutor | No objection. | |
| 11:5-12 | Lead prosecutor in Horton criminal case | Background of trial prosecutor | No objection. | |
| 13:7-11 | Would request police reports from agency as prosecutor | Practice of disclosure, relevant to Plaintiff's due process claims | No objection. | |
| 16:4-11 | Would disclose discovery to defense counsel in criminal cases | Practice of disclosure, relevant to Plaintiff's due process claims | No objection. | |
| 66:11-67:24 | Took discovery obligations seriously, was trained on Brady disclosures | Practice of disclosure, relevant to Plaintiff's due process claims | No objection. | |
| 68:1-2, 68:9-19 | Practice of disclosing Brady material by 1994 | Practice of disclosure, relevant to Plaintiff's due process claims | No objection. | |
| 68:22-69:1, 4-19 | Would have disclosed evidence of fabrication and coerced confession | Practice of disclosure, relevant to Plaintiff's due process claims | No objection. | |

| | | | | |
|---|---|---|---|---|
| | 69:21-70:5 | Would have disclosed Brady/Giglio material in 1994 | Practice of disclosure, relevant to Plaintiff's due process claims | No objection. |
| | 70:10-73:10 | Testifying to discovery tendered in criminal case | Practice of disclosure, relevant to Plaintiff's due process claims | No objection. |
| | 73:14-21, 74:1-4 | Testifying to discovery responses in criminal case | Practice of disclosure, relevant to Plaintiff's due process claims | No objection. |
| | 74:5-77:14 | Questioning re: Tory Taylor prosecution | Knowledge of witness that is relevant to Plaintiff's due process claims | No objection. |
| | 77:16-78:5 | Involving in Tory Taylor prosecution | Knowledge of witness that is relevant to Plaintiff's due process claims | No objection. |
| | 78:9-79:2, 79:5-14, 18-19 | Practices in 1994. Re: disclosure | Practice of disclosure, relevant to Plaintiff's due process claims | No objection. |

190

| | | | | |
|---|---|---|---|---|
| 79:21-80:16 | Limited involvement in Tory Taylor prosecution | Knowledge of witness that is relevant to Plaintiff's due process claims | No objection. | |
| 81:1-24 | No knowledge re: Lynn Hollingshed deposition | Knowledge of witness that is relevant to Plaintiff's due process claims. Subject to Plaintiff's MIL to bar Lynn Hollingshed's prior testimony | No objection. | |
| 82:11-83:4 | Lack of knowledge re: PD and Brady claim | Relevant to Plaintiff's due process claims | No objection. | |
| 84:11-16, 85:1-86:19, 23-87:1 | Relied on police for disclosures | Relevant to Plaintiff's due process claims | No objection. | |
| 89:6-90:4 | Not involved in decision to prosecute Clifton English | Relevant to Plaintiff's due process claims | No objection. | |
| 90:11-22 | Not involved in decision to prosecute Horton | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |

191

| | | | | |
|---|---|---|---|---|
| 91:4-11 | No recollection of involvement in decision to prosecute Horton/English | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |
| 101:11-103:9 | No personal knowledge re: interrogation | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |
| 103:10-104:3, 104:15-105:6 | No disclosure by police re: misconduct during interrogation | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |
| 105:8-106:13 | Questions re: non- disclosure of coercion by police | Relevant to Plaintiff's due process and malicious prosecution claims | 105:23-106:2 Objection to form | Deferred, as Defendants have not provided Mark Karner's deposition transcript. |
| 106:14-107:13 | Non-disclosure re: Lynn Hollingshed | Knowledge of witness that is relevant to Plaintiff's due process claims. Subject to Plaintiff's MIL to bar Lynn Hollingshed's prior testimony | No objection. | |

| | 109:11-111:6 | Not present for LH questioning | Knowledge of witness is relevant to Plaintiff's due process claims. Subject to Plaintiff's MIL No. 5 | No objection. | |
|---|---|---|---|---|---|
| | 111:6-112:20, 113:2-114:1 | Would not have used Hollingshed at GJ if misconduct had been disclosed | Knowledge of witness that is relevant to Plaintiff's due process claims. Subject to Plaintiff's MIL to bar Lynn Hollingshed's prior testimony | No objection. | |
| | 114:2-116:1 | No disclosure by police of misconduct during Horton interrogation | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |
| | 120:7-122:5 | Would have disclosed Brady material | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |

193

| Witness | Page/Line | Description | Relevance | Defendants' Objections and Counter-Designations | Ruling |
|---|---|---|---|---|---|
| Dominic Iasparro | | | | | |
| | 12:24-13:21 | Background | Background | No objection. | |
| | 16:4-22-18:24, 19:7-21:14 | Background | Background | No objection. | |
| | 25:13-20 | Recollection of case | Relevant to Plaintiff's due process and malicious prosecution claims | 26:4-17 Need to add for completeness as he testified that he believes Horton is guilty of murder whether he or English pulled the trigger. | Counter-designation inadmissible. *See supra* at IV.A. |
| | 28:2-30:7 | Interactions with Plaintiff | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |

194

| | 30:8-15 | Personal knowledge re: interrogation | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |
|---|---|---|---|---|---|
| | 31:10-34:14 | Concerns re: interrogation, did not go into Clifton English's interrogation room | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |
| | 34:21-35:23 | Concerns re: Johnny's innocence, interrogation | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |
| | 36:1-37:19 | Position and roles in department on day of interrogation | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |
| | 39:4-23 | Day to day functions at time of interrogation | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |
| | 40:2-41:1 | Reputation of Forrester re: interrogations | Relevant to Plaintiff's due process and malicious prosecution claims | 41:4-14 Need to add for completeness of his assessment of Forrester's reputation. | Deferred. |

| | 41:15-42:25, 45:3-25 | Reputation of Redmond and Scott re: interrogations and closing cases | Relevant to Plaintiff's due process and malicious prosecution claims | 46:3-18 Need to add for completeness of his assessment of Scott's reputation. | Deferred. |
|---|---|---|---|---|---|
| | 47:13-16 | Opinion re: Horton's innocence | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |
| | 47:24-48:11 | Couldn't always prevent misconduct from taking place | Relevant to Plaintiff's due process and malicious prosecution claims | 48:8-10 Objection to form and assumes facts not in evidence | Sustained. Leading question. |
| | 48:23-49:9 | Defendants were go to with reputations to get inculpatory statements. | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |
| | 49:10-17 | Pirages likely the one responsible for assigning defendants. | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |
| | 57:17-23 | Two detectives, Scott and Forrester, were primarily responsible for interrogating Horton | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |

196

| | 60:6-10 | No conversations with others re: interrogation techniques to use with Horton | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |
|---|---|---|---|---|---|
| | 63:6-64:10, 67:3-7 | Personal knowledge re: interrogation | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |
| | 70:4-10 | Larry Horton questioning | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |
| | 70:12-82:3 | Questioning re: Johnny Horton | Relevant to Plaintiff's due process and malicious prosecution claims | 82:4-83:10 Need to add for completeness as to description of the timeline provided to Plaintiff. | Deferred. |
| | 83:13-91:23 | Interrogation of Johnny Horton | Relevant to Plaintiff's due process and malicious prosecution claims | 91:24-92:21 Need to add for completeness as to the issues raised about his perception of Plaintiff's guilt. | Counter-designation inadmissible. *See supra* at IV.A. |

| | | | | |
|---|---|---|---|---|
| 93:19-95:2 | Innocence concerns | Relevant to Plaintiff's due process and malicious prosecution claims | 95:4-14 Need to add for completeness this prior related question about the chief's observations. | Counter-designation inadmissible. *See supra* at IV.A. |
| 95:15-96:17 | Dan Scott | Relevant to Plaintiff's due process and malicious prosecution claims | 95:4-14 Need to add for completeness this prior related question about the chief's observations. | Counter-designation inadmissible. *See supra* at IV.A. |
| 101:3-9 | Personal knowledge of interrogation | Relevant to Plaintiff's due process and malicious prosecution claims | 100:11-101:1 Need to add for completeness to explain how he knows of the interrogation and his knowledge of the detectives' histories. | Deferred. |
| 104:18-105:3 | Interrogation | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |

| | 108:10-109:22 | Interrogation | Relevant to Plaintiff's due process and malicious prosecution claims | 109:23-110:7 Need to add for completeness relative to the chief's reasons for his assessment of Plaintiff's credibility. | Deferred. |
|---|---|---|---|---|---|
| | 112:21-114:6 | Interrogation | Relevant to Plaintiff's due process and malicious prosecution claims | 114:7-115:1 Need to add for completeness as to why he answered the way he did to the prior question. | Deferred. |
| | 115:3-25 | Interrogation | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |
| | 120:8-121:20 | Interrogation | Relevant to Plaintiff's due process and malicious prosecution claims | 119:9-120:6 Need to add this additional questioning of the above listed designations and should be included for completeness and context. | Deferred. |

199

| | | | | | |
|---|---|---|---|---|---|
| | 128:3-129:16 | Interrogation | Relevant to Plaintiff's due process and malicious prosecution claims | 129:3-6 Objection as it calls for legal conclusion<br><br>129:10-12 Objection to form | Sustained.<br><br><br>Overruled. |
| | 133:9-136:21 | Interrogation and internal training. | Relevant to Plaintiff's due process and malicious prosecution claims | 135:1-4 Objection as it calls for legal conclusion<br><br>135:13-15 Objection to form | Sustained.<br><br><br>Sustained. Leading question. |
| | 142:17-143:13 | Interrogation | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |
| | 145:8-14 | Interrogation | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |
| | 146:4-14 | Interrogation | Relevant to Plaintiff's due process and malicious prosecution claims | 146:15-150:25 Need to add as this is the continuation of the explanation offered in Plaintiff's designation and is required for completeness. | Deferred. |

200

| | 147:2-19 | Interrogation | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |
|---|---|---|---|---|---|
| | 148:14-23 | Interrogation | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |
| | 169:5-21 | Interrogation and COI | Relevant to Plaintiff's due process and malicious prosecution claims | 169:5-10 Objection to form and foundation and it calls for legal conclusion | Overruled. |
| | 172:15-174:20 | Interrogation and lack of knowledge re: misconduct | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |
| | 175:12-18, 177:23-179:11 | Interrogation | Relevant to Plaintiff's due process and malicious prosecution claims | 176:16-177:15 Need to add as these are questions and answers related to the designations offered by Plaintiff and are required for completeness and context. | Counter designation inadmissible. *See supra* at IV.A. |

| | 182:13-25 | Innocence | Relevant to Plaintiff's due process and malicious prosecution claims | No objection. | |
|---|---|---|---|---|---|
| | | | | 184:17-185:22 Need to add this testimony regarding the reasons Dan Scott requested charges be filed against Clifton English. | Deferred. |
| | | | | 187:5-193:6 Need to add these questions and answers relevant to the Defendant Officers' investigatory process, their knowledge and actions, and probable cause. | Deferred. |

202